**Thomas Martin JECKER, Appellant,**

v.

**PLUMBERS' LOCAL 107; Special Fund; Hon. Sheila Lowther, Administrative; Law Judge; and Workers Compensation Board, Appellees.**

No. 1998–CA–002332–WC.

Court of Appeals of Kentucky.

Sept. 17, 1999.

Ched Jennings, Louisville, for Appellant.

Mary Ann Kiwala, Louisville, for Appellee, Plumbers' Local 107.

Joel D. Zakem, Louisville, Appellee, Special Fund.

Before HUDDLESTON, JOHNSON, and KNOPF, Judges.

## OPINION

JOHNSON, Judge.

Thomas Martin Jecker, a former participant in an apprenticeship program conducted by Plumbers' Local 107, petitions this Court for review of an opinion of the Workers' Compensation Board, which reversed the award he received from the Administrative Law Judge for partial disability and medical benefits. Since the facts pertaining to Jecker's participation in the apprenticeship program are not disputed, we hold that the Board correctly determined as a matter of law that Jecker was not an employee of Local 107.

In 1993, Jecker's application to a five-year apprenticeship program was accepted by Local 107. The accredited program required the student, or apprentice, to work for member contractors for 1700 hours each year and to attend 216 hours of classroom instruction. The apprentices were not paid by Local 107. Rather, each contractor paid the apprentice wages for the hours he worked for that contractor. The contractor also paid a sum to Local 107, based on the number of hours worked and the level of training reached by the apprentice. The union used these funds to defray the costs of the apprenticeship program, which included the salaries of part-time instructors, and to provide health insurance for the apprentices. The apprentices were not paid for attending the mandatory apprenticeship training classes.

On March 26, 1994, Jecker was injured during a training class at Local 107, when a piece of welding equipment weighing several hundred pounds fell on his head and neck. Since the injury, Jecker has suffered from severe headaches, particularly after he performs any type of sustained physical activity. On July 22, 1994, Jecker filed a claim for disability benefits and named Local 107 as his employer. The issue of his employment status was bifurcated from the other issues relating to his claim.

On January 16, 1997, ALJ Thomas Dockter rendered an opinion and order in which he determined that Jecker was an employee of Local 107:

> Having reviewed the depositions given by [Jecker] and by James Cain, [Local 107's] business agent, and after reviewing the applicable statutory law and caselaw, this Administrative Law Judge determines that [Jecker] was, in fact, an employee of Plumber's Local # 107 on the date of his injury, March 26, 1994.
>
> In reaching this determination, this Administrative Law Judge was particularly persuaded by the agreement of the parties that [Jecker] was actually participating in an apprenticeship program for [Local 107], and was complying with the requirement of attending the requisite classroom hours per year, as demanded by Plumber's Local # 107. [Jecker] also complied with the requirements of the apprenticeship program when he performed work for two separate contractors, Pine Tree Construction and J. Dennis Bodeman, Mechanical Contractors, Inc., during the days immediately proceeding the injury which [Jecker] suffered on the premises of [Local 107] on March 26, 1994.
>
> ... [Jecker] was clearly performing a required task in the classroom, one which was designated as being necessary for him to continue in the program, and this is found to be the type of "apprenticeship" intended by the Legislature to be covered under KRS 342.640(1).

After a hearing on the remaining issues, ALJ Sheila Lowther determined that Jecker sustained a 5% occupational impairment, that his average weekly wage was $171.37, and that the award of $5.72 for 425 weeks should be divided equally between Local 107 and the Special Fund.

Local 107 appealed the question of Jecker's employment status to the Board. The Board, relying on the statutory definition of "employee" contained in Kentucky Revised Statutes (KRS) 342.640(1)[1], and the holding of this Court in *Salvation Army v. Mathews,* Ky.App., 847 S.W.2d 751 (1993), ruled that the ALJ erred as a matter of law in his determination that Jecker was an employee under the workers' compensation laws:

> It is axiomatic that one of the threshold requirements in a compensation claim is that the claimant must be an employee for hire. *Kentucky Farm & Power Equipment Dealers Assoc. Inc. v. Fulkerson Brothers Inc.,* Ky., 631 S.W.2d 633 (1982). Therefore, where there is an issue as to whether or not the claimant is an employee for hire, the claimant must show that a contract of employment existed between him and the purported employer as required by KRS 342.640. *M.J. Daly Co. v. Varney,* Ky., 695 S.W.2d 400 (1985).
>
> After the [sic] reviewing the facts and the law, the Board agrees with the arguments set forth by [Local 107] that there was no contract of hire. While Jecker was taking classes as part of the apprenticeship program, he was not an apprentice of the union.
>
> In *Salvation Army v. Mathews, supra,* a student nurse was injured while undergoing clinical training at a hospital. Mathews argued that she was an apprentice under KRS 342.640 and that the training and supervision she received from the hospital was sufficient remuneration to bring her within coverage of the Act. However, the Court found that in a contract of apprenticeship, remuneration is an essential element and that "training" and "control" were sufficiently dissimilar from the ad-

1. KRS 342.640 defines "employees" to include

[e]very person, including a minor, whether lawfully or unlawfully employed, in the service of an employer under any contract of hire or apprenticeship, express or implied, and all helpers and assistants of employees, whether paid by the employer or employee, if employed with the knowledge, actual or constructive, of the employer[.]

vantages set out in the definition of "wages" in KRS 342.0011(17) as to remove Mathews from the definition of compensable employee or apprentice. The Court further indicated that this was demonstrated by the fact that the advantages set out in that provision are all sufficiently palpable as taxable advantages while training and control are not. Therefore, Mathews as an unremunerated student nurse trainee was not an employee or apprentice of the hospital so as to be entitled to receive workers' compensation benefits.

Jecker, like the claimant in *Salvation Army v. Mathews, supra*, was receiving training from [Local 107]; however, he was not an employee receiving remuneration from the union. Thus, the ALJ erred in finding that Jecker was an employee pursuant to KRS 342.640(1).

■ In his petition, Jecker argues that the Board erred in reversing the ALJ's "finding" that he was an employee of Local 107. As stated earlier, and as acknowledged by Jecker, the facts concerning this issue are not in dispute. While the Board, as a reviewing body, may not substitute its judgment with respect to factual issues for the judgment of the ALJ,[2] it is not bound by the legal conclusions reached by the fact-finder.[3] The Board's determination that Jecker was not an employee of Local 107 as contemplated by KRS 342.640(1), required the Board to ascertain the intent of the Legislature; and thus involved a question of law. Accordingly, the Board was not required to defer to the ALJ's conclusion of law that Jecker was an "employee" as contemplated by the Act.

In his petition, Jecker also argues that his case is distinguishable from *Salvation Army v. Mathews, supra*, on the grounds that his apprenticeship required him to work for an outside employer:

… Plumber's Local # 107 provided renumeration [sic] and "similar advantages" for Jecker. Jecker was required and provided work with member plumbers which provided income-but the training was in the classroom where Jecker was injured. He was not a volunteer or strictly a student nurse getting practical experience outside the classroom. Jecker's apprenticeship program required hours in the field with hours in the classroom.

■ We agree that since Jecker, unlike nurse Mathews, was paid for the on-the-job part of the training program, his case and *Salvation Army v. Mathews, supra*, are factually distinguishable as to this point. However, this distinction would require a different result on the issue of Jecker's entitlement to workers' compensation benefits only in the event that Jecker had been injured while in the employ of one of the member contractors. Since Jecker was injured while being instructed in the classroom, an activity for which he received no remuneration from either Local 107 or the member contractors, the holding of *Salvation Army v. Mathews*, was, we believe, correctly applied to this case.[4]

Since the Board has not "overlooked or misconstrued controlling statutes or precedent"[5], we affirm the opinion of the Board.

ALL CONCUR.

2. *Paramount Foods, Inc. v. Burkhardt*, Ky., 695 S.W.2d 418 (1985).

3. *Epsilon Trading Co., Inc. v. Revenue Cabinet*, Ky.App., 775 S.W.2d 937, 940 (1989).

4. For an extended discussion of similar cases in other jurisdictions, see Larson, *Workers' Compensation Law*, vol. 3, § 65.03 (1999).

5. *Western Baptist Hospital v. Kelly*, Ky., 827 S.W.2d 685, 687–688 (1992).