ACCEPTED
04-15-00056-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/3/2015 3:57:49 PM
KEITH HOTTLE
CLERK

No. 04-15-00056-CV

IN THE 4th DISTRICT COURT OF APPEALS

SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

6/3/2015 3:57:49 PM

KEITH E. HOTTLE
Clerk

GARY HODGE AND
ROBERT HART III,

*Appellants*,

v.

STEPHEN KRAFT INDIVIDUALLY
AND AS MEMBER ON BEHALF OF
GRUPO HABANERO, LLC,

*Appellees*.

_____

On appeal from the 225th District Court of Bexar County, Texas

_____

**REPLY BRIEF OF APPELLANTS**
_____

Respectfully submitted,

Roderick J. Regan
Attorney for Appellants
BRANSCOMB | PC
711 Navarro St., Suite 500
San Antonio, TX 78205
Phone: (210) 598-5400
Fax: (210) 598-5405
SBN: 16733040

**APPELLANTS REQUEST ORAL ARGUMENT**

i

TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………….…… ii

INDEX OF AUTHORITIES …………………………………………….. iii

REFERENCE CITATION GUIDE …………………………………… iv

ISSUES PRESENTED AND REPLY POINTS……………………………...iv

REPLY ARGUMENT …………………………………………………. 2

**REPLY POINT I TO ISSUES I AND II: Denial of an appraisal clause that requires arbitration is reviewable under the Texas Arbitration Act**…………………………………………...2

**REPLY POINT II TO ISSUES III AND IV: Appellees' have failed to provide the only evidence that would support their argument against strict compliance with the notice provision, i.e. their own written notice of change of address** ……..5

**REPLY POINT III TO ISSUE IV: No waiver of legal arguments**. ……..6

PRAYER ……………………………………………………………..7

## INDEX OF AUTHORITIES

**Cases:**

*Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996)……………...3

*Crown Constr. Co. v. Huddleston*, 961 S.W.2d 552 (Tex. App.—San Antonio 1997)……………………………………………………………………………..3

*Ellis v. Schlimmer*, 337 S.W.3d 860, 862 (Tex. 2011)…………………………..2

*In re Certain Underwriters at Lloyds*, 2011 WL 4837869, at * 4 (Tex. App.—Waco 2011, no pet.)…………………………………………………………..4

*In re Trammell*, 246 S.W.3d 815, 820 (Tex. App.—Dallas 2008, no pet.)………...4

*In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999).

*Lass v. State Farm Mut. Auto Ins. Co.,* 2000 WL 1125287, at * 5 (Tex. App.—Houston [14th Dist.] 2000, rev. denied)…………………………………………3

*Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995)………………2

*Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)…………………………...2

*Tex. Petrochemicals LP v. ISP Water Mgmt. Servs. LLC*, 301 S.W.3d 879, 884 (Tex. App.—Beaumont 2009, no pet.)……………………………………………..2

*Vanguard Underwriters Ins. Co. v. Smith*, 999 S.W.2d 448 (Tex. App.—Amarillo 1999)…………………………………………………………………………..3

*Woodward v. Liberty Mut. Ins. Co.*, 2010 WL 1186323 (N.D. Tex. 2010) ............10

REFERENCE CITATION GUIDE

**The Parties:**

In lieu of using the full names of the parties, this Brief may refer to the parties as follows:

| | |
|---|---|
| Gary Hodge | "Hodge" or "Appellant" |
| Robert Hart III | "Hart" or "Appellant" |
| Gary Hodge and Robert Hart III | "Appellants" |
| Stephen Kraft | "Kraft" or "Appellee" |
| Stephen Kraft Individually And as member on behalf of Grupo Habanero, LLC | "Appellees" |

ISSUES PRESENTED and REPLY POINTS

ISSUE I      Whether the trial court has abused its discretion in denying Appellants' Motion to Compel Appraisal based on the argument that a condition precedent to initiating appraisal by appraiser appointed by the American Arbitration Association has not been met.

ISSUE II     Whether Appellees' receipt of timely notice of option election to repurchase membership interest satisfying the alleged condition precedent to initiating appraisal was established as a matter of law.

**REPLY POINT I TO ISSUES I AND II: Denial of an appraisal clause that requires arbitration is reviewable under the Texas Arbitration Act.**

ISSUE III  Whether strict compliance with the alleged condition precedent to compelling appraisal was excused.

    A. Due to original impossibility
    B. Due to mutual mistake
    C. Due to Appellee's false representation and/or concealment of a material fact

ISSUE IV  Whether Appellees are estopped from asserting a right to receive timely notice of Appellants' exercise of their option to repurchase stock due to Appellees' false representation and/or concealment making any exercise of notice under the strict contract provisions impossible.

**REPLY POINT II TO ISSUES III AND IV: Appellees' have failed to provide the only evidence that would support their argument against strict compliance with the notice provision, i.e. their own written notice of change of address.**

**REPLY POINT III TO ISSUE IV: No waiver of legal argument**

No. 04-15-00056-CV
IN THE 4th DISTRICT COURT OF APPEALS
SAN ANTONIO, TEXAS

GARY HODGE AND
ROBERT HART III,

*Appellants*,

v.

STEPHEN KRAFT INDIVIDUALLY
AND AS MEMBER ON BEHALF OF
GRUPO HABANERO, LLC,

*Appellees*.

_____

On appeal from the 225th District Court of Bexar County, Texas

_____

**REPLY BRIEF OF APPELLANTS**
_____

TO THE HONORABLE COURT OF APPEALS:

Appellants Gary Hodge and Robert Hart III ("Appellants"), submit this

Reply Brief. Appellants respectfully show:

1

**POINT I**  **Denial of an appraisal clause that in essence requires arbitration is reviewable under the Texas Arbitration Act.[1]**

The appraisal provision in the Employment Contract is in essence an arbitration provision. The scope of arbitration is broad. A strong presumption favors arbitration, and courts resolve any doubts about an agreement's scope, waiver, and other issues unrelated to its validity in favor of arbitration. *Ellis v. Schlimmer*, 337 S.W.3d 860, 862 (Tex. 2011) (per curiam). Unless it can be said with positive assurance than an arbitration clause is not susceptible to an interpretation which would cover the dispute at issue, a court should not deny arbitration. *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995). Whether a claim falls within the scope of an arbitration agreement includes the trial court's legal interpretation of the agreement and is subject to de novo review. *Tex. Petrochemicals LP v. ISP Water Mgmt. Servs. LLC*, 301 S.W.3d 879, 884 (Tex. App.—Beaumont 2009, no pet.). When reviewed de novo, appellate courts give absolutely no deference to the trial court's decision." *Quick v. City of Austin*, 7

---

[1] In reply to Appellee's Issues I and II.

S.W.3d 109, 116 (Tex. 1998).[2]

An appraisal contract provision, whether invoking an appraiser appointed by the American Arbitration Association or not, "is in essence one requiring arbitration." *Vanguard Underwriters Ins. Co. v. Smith*, 999 S.W.2d 448, 451 (Tex. App.—Amarillo 1999). A party seeking arbitration must establish the existence of an arbitration agreement, and show, that claims raised fall within the scope of the agreement. *Id*. (citing *Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996)). Once the party establishes a claim within the arbitration agreement, the trial court must compel arbitration and stay its own proceedings. *Id*. (citing *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999). Appointment of an arbitrator to resolve a dispute over value is clearly authorized by the Texas Arbitration Act and the appraisal requirement of a contract "are now generally considered to be a form of arbitration." *Lass v. State Farm Mut. Auto Ins. Co.*, 2000 WL 1125287, at * 5 (Tex. App.—Houston [14th Dist.] 2000, rev. denied).

Appellees' citation of *Crown Constr. Co. vs. Huddleston,* 961 S.W.2d 552 (Tex.App.—San Antonio 1997, no pet.) is misplaced. While *Crown* addresses the requirements of personal delivery, it does so in a context where the address in the

---

[2] Thus, Appellees' "implied finding" argument in its Issue II is moot because the decision is reviewed de novo. Regardless, no evidence of such an "implied finding" can be found in the record, nor did Appellees attempt to cite from the record in support of its argument.

option agreement was correct. *Crown* cannot be said to stand for Appellees' notion that personal delivery remains required where the address is wrong. Appellees' claim the address is wrong due to a "scrivener's error' but they in fact provide no evidence whatsoever that the address in the Employment Agreement was not what they provided for in their written approval of the Employment Agreement. Appellees' notion of a "scrivener's error" is merely nothing but self-serving surmise.

Appellees did not and cannot provide any authority supporting their argument against appellate jurisdiction to review the trial court's order denying Appellants' Motion to Compel Appraisal under the Texas Civil Practice and Remedies Code § 171.098. To the contrary, appraisal clauses "can provide a less expensive, more efficient alternative to litigation," analogous to arbitration provisions and trial courts "have no discretion to ignore a valid appraisal clause entirely." *In re Certain Underwriters at Lloyds*, 2011 WL 4837869, at * 4 (Tex. App.—Waco 2011, no pet.) (citations omitted). Whether a claim is subject to arbitration turns on its substance; and, parties cannot evade an arbitration clause through artful pleading. *In re Trammell*, 246 S.W.3d 815, 820 (Tex. App.—Dallas 2008, no pet.). The existence of claims unrelated to the arbitrated appraisal does not remove this case from the Court's jurisdiction because these claims are subject

4

to a finding that the membership interest in question has value and is owned by Mr. Kraft. Appellants assert that they have validly executed the option to repurchase the membership interest and, as such, the only dispute is the value, if the membership interest maintains any value at all.[3] Therefore, Appellants' Motion to Compel Appraisal must be granted, as in essence an arbitration of value, to determine, as a threshold issue, if Appellee's can maintain any cause of action in the trial court. To deny the request is an abuse of discretion and contrary to strong policy favoring the efficient adjudication of disputes.

**POINT II**     **Appellees' have failed to provide the only evidence that would support their argument against strict compliance with the notice provision, i.e. written notice of change of address, choosing instead to rely on unsupported factual representations.[4]**

Appellees have failed to show, both to the trial court and now this court, the only dispositive fact: their written notice changing the address in the Employment Agreement. Appellees instead argue, contrary to their own demands of strict compliance, that Appellant should not have strictly complied with Appellees' address in the Employment Agreement. Appellees instead call for a departure

---

[3] In the event the membership interest has nominal value (as asserted by Appellants), Appellees' entire case fundamentally lacks jurisdiction in the trial court.

[4] Reply to Appellees' Issues III and IV.

from strict compliance in regards to the place notice was to be delivered, because they concede that their address barred Appellants from strictly complying.

Appellee contends that "a scrivener's" error imposed a legal burden upon Appellants to conjure up a different address than the one Appellee specified for himself in the Employment Agreement. Yet Appellees do not cite any legal authority for this. But for Appellee's approval of a wrong address in the Employment Contract, and his failure to designate an alternative correct address in writing, the parties would be arbitrating the value of the membership interest and transferring ownership—ending the dispute. Appellee should not now be heard to require strict compliance with the language in the Employment Agreement option as to the timing and manner of notice delivery, but yet call upon the court to excuse strict compliance in regards to the place of delivery, and require delivery of notice to an address not provided for in writing by Appellee.

**POINT III  No waiver of legal arguments.[5]**

Appellees' failure to provide evidence of written notice of change of address, combined with Appellee's admission that his incorrect address in the Employment Agreement precluded Appellants' personal delivery of the notice, are dispositive of this appeal. Appellants' timely delivery of notice to the address

---

[5] Further reply to Appellees' Issue IV.

specified by Appellee was all that was required to perfect exercise of the option.

PRAYER

WHEREFORE, Appellants respectfully request that this Court reverse the trial court's order denying Appellants' Motion to Compel Appraisal, remand the matter for entry of order granting Appellants' Motion to Compel Appraisal and grant such other and further relief to which Appellants may show itself to be justly entitled.

Respectfully submitted,

Roderick J. Regan
Attorney for Appellants
BRANSCOMB | PC
711 Navarro St., Suite 500
San Antonio, TX 78205
Phone: (210) 598-5400
Fax: (210) 598-5405
SBN: 16733040

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2010 and contains 2,130 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

_____
Roderick J. Regan

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of June 2015, a true and correct copy of the foregoing Appellant's Reply Brief has been forwarded to the counsel below via certified mail, return receipt requested and email pursuant to the Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure.

Richard W. Espey
Matthew Soliday
Espey & Associates, PC
13750 San Pedro Avenue, Suite 730
San Antonio, TX 78232
Fax: (210) 404-0336
Attorneys for Appellees

_____
Roderick J. Regan