In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-09-00168-CV


____________________



TEXAS PETROCHEMICALS LP, Appellant



V.



ISP WATER MANAGEMENT SERVICES LLC, Appellee






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. B-182,241






 OPINION


 We are asked to determine whether the trial court erred in refusing to compel
arbitration. Texas Petrochemicals LP ("TPC") and ISP Water Management Services LLC
("ISP") jointly own a dock that TPC operates under the terms of a written agreement. 
Contending that TPC had not complied with the terms of the written agreement, ISP sued
TPC seeking to partition the dock. TPC sought arbitration of ISP's claims. ISP resisted and
asserted that the scope of the agreement did not include any agreement to arbitrate claims for
equitable relief. Without making any findings of fact or conclusions of law, the trial court
denied TPC's motion to compel arbitration. Because the claims that ISP advanced regarding
the partition of the property rely on the contract and are factually intertwined with ISP's
claims that TPC breached the contract, we hold that ISP's claims are within the scope of the
parties' arbitration agreement. Therefore, the trial court erred in denying TPC's motion to
compel arbitration. 

Background


 The parties to the dispute, TPC and ISP, jointly own a dock and a related parcel of
land in Jefferson County. The dock is operated under a Dock Facilities Agreement (the
"Agreement"), made by the corporate predecessors of both TPC and ISP. (1) The Agreement
includes an arbitration clause that provides:

 9.2 All controversies or claims among the parties hereto (other than
those involving claims for equitable relief) arising out of [the] interpretation
of this Agreement or performance thereof shall be settled by one or more
arbitrators under the rules of the American Arbitration Association in effect at
the time.



 

 In May 2005, the existing dock was struck by a vessel and severely damaged. 
According to ISP, TPC decided in 2007 to rebuild the dock. Subsequently, ISP refused
TPC's request to pay a proportionate share of the expenses incurred in rebuilding the dock. 
After TPC completed its work on the dock, TPC apparently excluded ISP from the dock and
took the position that ISP had forfeited its interest in the dock.

 In February 2008, ISP demanded arbitration of certain claims concerning the dock. 
ISP's arbitration demand requested declaratory, injunctive, and monetary relief. In August
2008, ISP filed the underlying suit in the case against TPC in state court and requested that
the trial court partition the dock by selling it. In January 2009, the arbitration panel rendered
an award (2) on the disputes presented to it. The arbitration award required ISP to pay
approximately one-half of the dock's reconstruction cost. The award also stated that ISP had
not forfeited its interest in the dock. The panel denied ISP's request for damages related to
its claim that TPC had refused ISP access to the dock. The award further recites: "Any other
relief requested by either party that is not granted above is denied."

 With respect to this lawsuit, in March 2009, TPC filed its amended motion requesting
that the trial court order the dispute to arbitration. (3) Subsequently, the trial court conducted
a hearing on TPC's motion. At the end of the hearing, the trial court denied TPC's motion
to compel arbitration and its request to abate the proceedings. TPC timely perfected its
interlocutory appeal from the trial court's order. See Tex. Civ. Prac. & Rem. Code Ann.
§171.098 (Vernon 2005) (providing for interlocutory appeal from an order that denies an
application to compel arbitration); see also Tex. R. App. P. 26.1(b) (providing that notice of
appeal in accelerated appeals must be filed within 20 days after the order is signed); Tex. R.
App. P. 28.1(a).

Federal or State Law?


 The record does not reflect whether the trial court applied state law or federal law
when it denied TPC's motion. TPC's motion requested that the matter be sent to arbitration
under both federal and state law. The parties' briefs were not specific about whether we
should apply the Federal Arbitration Act ("FAA") or the Texas General Arbitration Act
("TAA") to the issues. See 9 U.S.C.A. §§ 1-16 (West 2009) (FAA); Tex. Civ. Prac. &
Rem. Code Ann. §§ 171.001-171.098 (Vernon 2005) (TAA). Therefore, we requested that
the parties file additional briefs to address whether the Agreement is governed by the FAA
or the TAA. (4) 

 Both parties responded, and both argue that the TAA applies to the Agreement. We
note that even when a contract affects interstate commerce, which triggers the application of
the FAA, the arbitration provision at issue may also be enforced under the TAA. In In re D.
Wilson Construction Company, 196 S.W.3d 774 (Tex. 2006), the Texas Supreme Court
explained the conditions under which the FAA would preempt the TAA. The Court stated: 
 For the FAA to preempt the TAA, state law must refuse to enforce an
arbitration agreement that the FAA would enforce, either because (1) the TAA
has expressly exempted the agreement from coverage. . . , or (2) the TAA has
imposed an enforceability requirement not found in the FAA. . . . 


Id. at 780 (citations omitted). 

 With respect to determining the scope of the arbitration agreement that is before us,
we conclude that the FAA does not preempt the TAA. Under both the FAA and the TAA,
arbitration is considered a matter of contract law; therefore, courts may require a party to
submit a dispute to arbitration only if the party has expressly agreed to do so. See Volt Info.
Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 478, 109
S.Ct. 1248, 103 L.Ed.2d 488 (1989) ("[The FAA does not] prevent parties who do agree to
arbitrate from excluding certain claims from the scope of their arbitration agreement[.]");
Forest Oil Corp. v. McAllen, 268 S.W.3d 51, 61 (Tex. 2008) (explaining that after
determining whether a contract's arbitration clause is enforceable, courts then turn to whether
the claims advanced in the suit fall within the scope of the arbitration provision); see also
Tex. Civ. Prac. & Rem. Code Ann. § 171.021(a) (Vernon 2005) (requiring court to order
arbitration when there is an agreement to arbitrate and a refusal to do so). Under both federal
and state law, arbitration is a strongly favored policy. Forest Oil, 268 S.W.3d at 56; Cantella
& Co. v. Goodwin, 924 S.W.2d 943, 944 (Tex. 1996). Finally, the parties do not assert that
the TAA creates a requirement related to enforcing the Agreement that does not exist under
federal law. Thus, in this appeal, we apply Texas law and the TAA in determining whether
ISP's claims are arbitrable.



Contentions of the Parties


 ISP contends that it did not agree to arbitrate claims involving equitable relief and that
its suit to partition by sale involves a claim for equitable relief. In its original petition, ISP
alleged that "[ISP's] claim for partition of the Dock Parcel is a discrete part of a larger
dispute between ISP and TPC, a portion of which is currently pending in AAA arbitration." 
ISP concludes that the trial court did not err in denying TPC's motion to compel arbitration. 

 In contrast, TPC contends that ISP's claims are within the scope of the Agreement's
arbitration provision. TPC notes that ISP's petition includes a claim for statutory partition
under chapter 23 of the Texas Property Code. See Tex. Prop. Code Ann. §§ 23.001, 23.002
(Vernon 2000). Relying on Scoggins v. Taylor, 248 S.W.2d 549, 551-52 (Tex. Civ.
App.-Amarillo 1952, writ ref'd), TPC argues that Texas law distinguishes between claims
for equitable partition and claims for statutory partition. TPC further asserts that section 9.3
of the Agreement, (5) which provides for a contractual right of first refusal, prevents a trial
court from ordering the property sold. Additionally, TPC argues that because the Agreement
contains a right of first refusal, ISP waived its claim to partition the dock by sale.

Standard of Review


 Whether a given arbitration clause imposes a duty to arbitrate is a matter of contract
interpretation and a question of law for the court. AT&T Techs., Inc. v. Commc'ns Workers
of Am., 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986); Valero Energy Corp. v.
Teco Pipeline Co., 2 S.W.3d 576, 589-90 (Tex. App.-Houston [14th Dist.] 1999, no pet.). 
A trial court's interpretation concerning the scope of a contract's arbitration clause is
reviewed under a de novo standard. McReynolds v. Elston, 222 S.W.3d 731, 740 (Tex.
App.-Houston [14th Dist.] 2007, no pet.); Valero, 2 S.W.3d at 590; Dell, Inc. v. Muniz, 163
S.W.3d 177, 180 (Tex. App.-San Antonio 2005, orig. proceeding). In a de novo review, the
trial court's decision is given absolutely no deference. Quick v. City of Austin, 7 S.W.3d 109,
116 (Tex. 1998). 

 Under Texas law, a written agreement to arbitrate is valid and enforceable if an
arbitration agreement exists and the claims asserted are within the scope of the agreement. 
Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001, 171.021 (Vernon 2005). "To determine
whether a party's claims fall within an arbitration agreement's scope, we focus on the
complaint's factual allegations rather than the legal causes of action asserted." In re
FirstMerit Bank, N.A., 52 S.W.3d 749, 754 (Tex. 2001). Because Texas's public policy
strongly favors the arbitration of disputes, "'[a]n order to arbitrate should not be denied
unless it can be said with positive assurance that the arbitration clause is not susceptible of
an interpretation that covers the asserted dispute.'" Williams Indus., Inc. v. Earth Dev. Sys.
Corp., 110 S.W.3d 131, 137 (Tex. App.-Houston [1st Dist.] 2003, no pet.) (TAA) (quoting
Hou-Scape, Inc. v. Lloyd, 945 S.W.2d 202, 205 (Tex. App.-Houston [1st Dist.] 1997, orig.
proceeding) (FAA)). Once a valid agreement to arbitrate is established, the burden to show
that a claim falls outside the scope of the arbitration provision lies with the party that opposes
arbitrating the dispute. Prudential Sec. Inc. v. Marshall, 909 S.W.2d 896, 900 (Tex. 1995)
(orig. proceeding) (FAA); McReynolds, 222 S.W.3d at 740 (TAA). 

Discussion


 Because there is no current dispute that the parties entered a valid agreement, the 
issue in this case concerns whether ISP's claims are within the Agreement's scope. To
evaluate that issue, we look to the claims alleged in ISP's petition, which states that its
"rights and obligations with respect to Dock #2 and the Dock Parcel are governed by the
Dock Facilities Agreement between the two parties." ISP's petition goes on to describe how
TPC has allegedly violated the Agreement by asserting exclusive control over the dock and
then utilizing that control to deprive ISP of its use of the dock.

 By looking at ISP's claims, it is clear that whether ISP is entitled to the remedy it
seeks-partition by sale-is dependent upon resolving contract disputes. Based on ISP's
allegations, whether ISP was wrongfully excluded from the dock directly involves the
litigation of its contractual rights. 

 While the parties' arbitration provision contains an exception for claims involving 
equitable relief, the Agreement did not further describe claims the parties intended to exempt
from arbitration. The contract is not clear with respect to whether the parties desired to
exempt claims that involved mixed questions of law and equity, or instead, whether the
parties intended to exempt only claims that involved solely equitable issues. For instance,
if ISP sought to gain entry to the dock, we assume it could assert that, as a joint-owner, it had
a right of entry. Resolving that claim would not necessarily involve determining ISP's
contract rights, or even referring to its contracts. Thus, while a given partition claim might
be based solely on an equitable right, ISP's claims, as revealed by its pleadings, depend on
resolving claims arising under the parties' contract. 

 Further, "Texas law favors the joint resolution of multiple claims to prevent multiple
determinations of the same matter." Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 271 (Tex.
1992). In that regard, we note that the arbitration panel's award denied ISP recovery of
damages related to its claim that TPC refused ISP access to the dock and ISP's request for
an injunction to prevent TPC from allowing third parties to use the dock. In light of those
findings, which are now apparently final, it seems inconsistent to allow another forum to
litigate factually similar claims to allow another type of remedy in light of the initial forum's
denial of a remedy through damages. 

 Claims, even if otherwise not arbitrable, can become arbitrable when factually
intertwined with arbitrable claims. See id. Generally, if the facts alleged in a claim "'touch
matters' that are covered by, have a 'significant relationship' to, are 'inextricably enmeshed'
with, or are 'factually intertwined' with the contract that contains the arbitration agreement,
the claims are arbitrable." In re Bath Junkie Franchise, Inc., 246 S.W.3d 356, 366 (Tex.
App.-Beaumont 2008, orig. proceeding) (quoting FirstMerit Bank, 52 S.W.3d at 754); In re
Nestle USA-Bev. Div., Inc., 82 S.W.3d 767, 776 (Tex. App.-Corpus Christi 2002, orig.
proceeding); Hou-Scape, 945 S.W.2d at 205-06. As a result, "[c]laims must be brought on
the contract (and arbitrated) if liability arises solely from the contract or must be determined
by reference to it." In re Weekley Homes, L.P., 180 S.W.3d 127, 132 (Tex. 2005) (orig.
proceeding). 

 ISP's pleadings reveal that its case for partition is premised on a dispute over whether
TPC complied with the Agreement. TPC's liability, as alleged by ISP, must be determined
by reference to the contract. Because ISP's claims are not based solely on claims arising in
equity, we find the parties, when they entered the contract, likely intended that claims that
were factually intertwined with legal claims involving the interpretation of the contract be
arbitrated. 

 We hold the trial court erred in denying TPC's motion to compel arbitration because
ISP's claims are within the scope of the Agreement's arbitration provision. We reverse the
order denying the motion to arbitrate and remand this cause with instructions to the trial court
to enter an order compelling arbitration and staying all other proceedings pending the
outcome of the arbitration. 

 REVERSED AND REMANDED.





 ____________________________

 HOLLIS HORTON

 Justice



Submitted on September 24, 2009

Opinion Delivered December 10, 2009

Before McKeithen, C.J., Kreger and Horton, JJ.

1. The original parties to the Agreement, dated effective August 1, 1980, were
Texas-U.S. Chemical Company, Neches Butane Products Company, and Synpol, Inc. 
According to the affidavit of a TPC vice-president, TPC is the successor-in-interest to
Texas-U.S. Chemical Company and Neches Butane Products Company. ISP is the
successor-in-interest to Synpol, Inc.
2. The document in the record is entitled "Interim Award." However, it appears that
the only remaining issue the arbitration panel intended to address at the time it rendered the
interim award concerned attorney's fees and costs, and the interim award established a
deadline of March 30, 2009, as the date it anticipated issuing its final award. The arbitration
panel's final award is not in the record before us, but TPC's brief indicates the award became
final and that ISP paid the award.
3. TPC's initial motion to compel is not in the record on appeal, and we are not aware
of the initial date that TPC asked the trial court to enforce the arbitration clause in the
Agreement. Nevertheless, ISP does not assert on appeal that TPC waived any right to
arbitration as a result of any delays.
4. As of September 1, 2009, interlocutory orders that address whether arbitration
provisions governed by the FAA are enforceable are generally appealable. Tex. Civ. Prac.
& Rem. Code Ann. § 51.016 (Vernon Supp. 2009) ("In a matter subject to the [FAA], a
person may take an appeal or writ of error to the court of appeals from the judgment or
interlocutory order of a district court, county court at law, or county court under the same
circumstances that an appeal from a federal district court's order or decision would be
permitted by 9 U.S.C. Section 16."). Federal law permits the interlocutory appeal of a trial
court's order denying a petition subject to the FAA "to order arbitration to proceed," and of
a trial court's refusal to stay a trial pending the outcome of the arbitration. See 9 U.S.C.A.
§ 16(a)(1)(A)-(B) (West 2009). However, section 51.016 does not apply to this appeal, as
the appeal was initiated prior to September 1, 2009. See Act of May 27, 2009, 81st Leg.,
R.S., ch. 820, §§ 2, 3, 2009 Tex. Gen. Laws 2061, 2061. Prior to September 1, 2009, with
respect to agreements governed by the FAA, parties seeking to review a trial court's ruling
on a motion to compel arbitration based on the FAA were required to file a petition for a writ
of mandamus. See Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). 
5. Section 9.3 of the Agreement provides: 


 In the event that (i) a final award rendered pursuant to Section
9.2 hereof shall expressly find that (x) a party is in default,
and (y) such default has substantially impaired the other
party's use of the Dock Facilities, and (ii) the defaulting party
has not within 30 days after the rendering of such award cured
the default or commenced good faith efforts to cure the
default, then in such event the defaulting party shall offer to
sell its interest in the Dock Facilities to the other party
pursuant to Article VIII hereof.