**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00235-CV**

_____

**INFRASTRUCTURE ASSOCIATES, INC., ATKINSRÉALIS USA, INC. F/K/A ATKINS NORTH AMERICA, INC., AND H.W. LOCHNER, INC.,** Appellants

**v.**

**TRENT FEREDAY, TRAVIS FEREDAY, AND TODD FEREDAY, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVES OF THE ESTATE OF THOMAS EVERETT FEREDAY, JR., DECEASED,** Appellees

_____

**On Appeal from the 58th District Court
Jefferson County, Texas
Trial Cause No. A210075**

_____

**MEMORANDUM OPINION**

In this interlocutory appeal, Appellants ask us to reverse three orders in which the trial court denied each Appellant's motion to dismiss pursuant to Texas Civil Practice and Remedies Code section 150.002. *See* Tex. Civ. Prac. & Rem. Code Ann.

1

§ 150.002. Because Appellees allege damages arising out of the provision of professional services by licensed professionals but did not file a certificate of merit supporting their allegations, we reverse the trial court's denial of Appellants' motions to dismiss, and we remand to the trial court to determine whether to dismiss Appellees' claims against Appellants with or without prejudice.

**Background**

On November 18, 2021, Sammy E. Elabhar was operating a motor vehicle which left the travel lanes of Interstate 10, collided with a concrete barrier on the right side of the roadway, ricochetted back across the travel lanes, crashed through a metal cable barrier in the center median, entered the oncoming lanes of travel and collided with a motor vehicle operated by Thomas Everett Fereday, Jr. Both Elabhar and Fereday died as a result of the collision. In July 2022, Appellees, Trent Fereday, Travis Fereday and Todd Fereday, filed a petition for pre-suit depositions, seeking to depose representatives of the Texas Department of Transportation ("TxDOT") and Johnson Bros. Corporation on topics including "the design, lay-out and specifications of [the] roadway as well as any other devices adjacent to the roadway[,]… includ[ing] any concrete barriers, lane dividers, median dividers (including the metal cable devices)." *See* Tex. R. Civ. P. 202. In May 2023, the Feredays filed a First Amended Petition alleging the collision was caused by

2

Elabhar's negligence and premises and special defects existing on property controlled by TxDOT and Johnson Bros.

On November 16, 2023, two days before the second anniversary of the collision, the Feredays filed a Second Amended Petition adding thirteen additional defendants, including Appellants, H.W. Lochner, Inc., AtkinsRéalis USA, Inc. and Infrastructure Associates, Inc. In addition to repeating the allegations against Elabhar, TxDOT and Johnson Bros., the Second Amended Petition alleges the thirteen new defendants are legally responsible for the traffic plan which was not followed and the metal cable barrier which "failed to provide that most basic and necessary protection[,]" allowing Elabhar's vehicle to cross the median into the path of oncoming traffic, resulting in the collision.

The petition alleges that since the statute of limitations would be expiring in less than ten days, the Feredays had been unable to obtain an affidavit of a licensed professional engineer. According to the petition, the Feredays were entitled to thirty additional days to file such an affidavit, and the court could extend such time upon the filing of a motion and a showing of good cause.

After the expiration of 30 days, no such affidavit had been filed, nor had the Feredays filed a motion to extend the deadline. Motions to dismiss were filed by each of the three Appellants; Infrastructure's on March 27, 2024, followed by Atkins's and Lochner's on May 2, 2024. The motions assert Appellants are registered

engineering firms in which licensed professional engineers practice and that although the Feredays allege damages arising out of the provision of professional services, no certificate of merit was filed as required by Texas Civil Practice and Remedies Code section 150.002.

The Feredays filed a "Response to Certain Defendants' Motions to Dismiss and Motion for 150.003 [sic] Good Cause Extension," arguing a certificate of merit was not required because the petition does not assert engineering claims against the Appellants. The Feredays' Response also claims Appellants did not provide proper disclosures as required by Texas Rule of Civil Procedure 194.2, that their answers do not contain any allegations explaining why a certificate of merit was necessary, and that two of the Appellants waited six months before moving to dismiss. Lastly, the Feredays assert the case's complexity and the lack of proper disclosures constitute good cause for extending the deadline to file a certificate of merit. After a hearing, the trial court signed three orders denying Appellants' motions to dismiss. Appellants then filed this interlocutory appeal seeking reversal of the trial court's orders.

**Standard of Review**

"To determine the correct standard of review, we look first to the statute." *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). "If a statute vests trial courts with discretion as to a matter, then we review a trial court's decision as to that matter

for abuse of discretion." *Pedernal Energy, LLC v. Bruington Eng'g, LTD.*, 536 S.W.3d 487, 492 (Tex. 2017). But when the rule laid down by a statute is mandatory, the rule must be followed, and "[n]o discretion is left to the court[.]" *Dial v. Collins*, 40 Tex. 367, 370-71 (1873); *see also Bocquet*, 972 S.W.2d at 20 (discussing the distinction between discretionary and non-discretionary acts); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 832 (Tex. 1980) (same); *Gov't Servs. Ins. Underwriters v. Jones*, 368 S.W.2d 560, 561 (Tex. 1963) (same).

Texas Civil Practice & Remedies Code section 150.002 (the "Certificate of Merit Statute") uses both mandatory and discretionary language. Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a), (c) and (e). The statute indicates a certificate of merit "shall" be filed; otherwise, the complaint "shall" be dismissed. *Id*. "'Shall' imposes a duty." Tex. Gov't Code Ann. § 311.016(2). "Under Chapter 150, both a certificate of merit and the consequence for failing to file one are mandatory." *Lalonde v. Gosnell*, 593 S.W.3d 212, 229 (Tex. 2019). On the other hand, the statute indicates that an extension of time "may" be granted under certain circumstances, and that a dismissal "may" be with prejudice. Tex. Civ. Prac. & Rem. Code Ann. § 150.002(c) and (e).

The applicable standard of review, therefore, depends on the nature of the question before us. When analyzing whether a petition alleges a claim to which the Certificate of Merit Statute applies, we conduct a de novo review, because statutory

construction is purely a question of law. *Sam-Constr. Servs., LLC v. Salazar-Linares*, No. 09-23-00040-CV, 2023 Tex. App. LEXIS 9360, at *17 (Tex. App.—Beaumont Dec. 14, 2023, no pet.) (mem. op.); *Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 397 (Tex. App.—Beaumont 2008, no pet.); *Gonzalez v. Momentum Design & Constr., Inc.*, 633 S.W.3d 678, 683-84 (Tex. App.—El Paso 2021, pet. denied); *J.E. Saenz & Assocs. v. Munoz*, No. 13-10-00139-CV, 2011 Tex. App. LEXIS 260, at *3 (Tex. App.—Corpus Christi Jan. 13, 2011, pet. denied) (mem. op.). "In a de novo review, the trial court's decision is given absolutely no deference." *Tex. Petrochemicals LP v. ISP Water Mgmt. Servs. LLC*, 301 S.W.3d 879, 884 (Tex. App.—Beaumont 2009, no pet.); *see also Lalonde*, 593 S.W.3d at 220 ("Deference must be afforded to the trial court's disposition of disputed facts, but when there are none, as here, our review is entirely de novo.").

When the question is whether an extension of time should have been granted, or whether a dismissal should have been with or without prejudice, we review the trial court's ruling for abuse of discretion. *Tex. S. Univ. v. Kirksey Architects, Inc.*, 577 S.W.3d 570, 575 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Barron, Stark & Swift Consulting Eng'rs, LP v. First Baptist Church*, 551 S.W.3d 320, 322-324 (Tex. App.—Beaumont 2018, no pet.). "But the use of 'may' does not permit trial courts complete discretionary authority: trial courts do not have discretion to make decisions in an arbitrary or unreasonable manner, without reference to guiding rules

6

or principles." *Pedernal Energy*, 536 S.W.3d at 492. "A trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion[.]" *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). "When analyzing whether an abuse of discretion occurred, we must decide whether (1) the trial court had sufficient information upon which to exercise its discretion and (2) failed to make a reasonable decision." *AECOM Tech. Servs. v. Halff Assocs.*, No. 05-23-00400-CV, 2024 Tex. App. LEXIS 607, at *3-4 (Tex. App.—Dallas Jan. 30, 2024, no pet.) (mem. op.).

**Analysis**

*Certificate of Merit Requirement*

Appellants argue the certificate of merit requirement applies to the Feredays' Second Amended Petition (which is the first and only petition asserting claims against Appellants), because Appellants are engineering firms, and the petition alleges damages arising out of Appellants' provision of professional services. The statute defines "[l]icensed or registered professional" to include a "licensed professional engineer" and "any firm in which such licensed or registered professional practices[.]" Tex. Civ Prac. & Rem. Code Ann. § 150.001(1-c). Appellants' motions to dismiss provided the trial court affidavits executed by licensed professional engineers who swore they were employed by Appellants

7

during the relevant time, and the Feredays never contested that the Appellants meet the statutory definition of "licensed or registered professional." Instead, the Feredays argue they were not required to file a Certificate of Merit because their petition does not allege "engineering claims."

This court has previously recognized that while the statute does not require a certificate of merit to be filed in every lawsuit against an engineering firm, it does require one when the petition includes at least one allegation the damages arose out of the provision of engineering services:

> For example, take an engineering firm that designed an engineering plan for a scaffold for a construction company building a skyscraper. One of the engineering firm's engineers drives up to the skyscraper, hits the scaffold, causing the scaffold to collapse. Several workers on the scaffold are seriously injured as a result. The workers could sue the engineer and the engineer's firm on a theory of negligence based on the manner the engineer drove the car—in other words, avoid filing an action that alleged an engineering claim. Or the plaintiffs could sue the engineer and engineering firm claiming the scaffold was defectively designed and the design contributed to the scaffold's collapse. In that case, those allegations would trigger the Certificate of Merit Statute and require the plaintiffs to file an affidavit from a third-party licensed engineer. Last, the plaintiffs could sue the engineer and the engineering firm on both theories, that the engineer was negligent in the manner the engineer drove the car and on a theory that the scaffold was defectively designed. In that case, the fact the petition included an action for damages on an engineering theory would trigger the Certificate of Merit Statute and require the plaintiffs to file an affidavit from a licensed third-party engineer. If they did not, the petition would be required to be dismissed.

*Sam-Constr. Servs.*, 2023 Tex. App. LEXIS 9360, at *19-20.

To determine whether a certificate of merit is required, "we ask whether the action is one for 'damages arising out of the provision of professional services by a licensed or registered professional' engineer[,]" because that is required by the language of the statute. *In re Channelview Flooding Litig.*, No. 01-22-00946-CV, 2024 Tex. App. LEXIS 9030, at *14 (Tex. App.—Houston [1st Dist.] Dec. 31, 2024, no pet.) (mem. op.). The phrase "arising out of" is one of "much broader significance than 'caused by[.]'" *Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004) (quoting *Red Ball Motor Freight, Inc. v. Employers Mut. Liab. Ins. Co.*, 189 F.2d 374, 378 (5th Cir. 1951)). The Texas Supreme Court has interpreted "arising out of" to mean "originating from," "stemming from," "flowing from" or "resulting from." *See Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 437 (Tex. 2017) (cleaned up); *Plains Expl. & Prod. Co. v. Torch Energy Advisors Inc.*, 473 S.W.3d 296, 308 (Tex. 2015); *Lancer Ins. Co. v. Garcia Holiday Tours*, 345 S.W.3d 50, 54 (Tex. 2011). Our focus, therefore, is on what the petition alleges about the origin of the damages being sought. The damages "need only originate, stem, or result from the engineer's supplying services which utilize his special engineering talents, education, and the like." *Whitaker v. R2M Eng'g, LLC*, 603 S.W.3d 530, 535-36 (Tex. App.—Amarillo 2020, pet. denied).

The Feredays' Second Amended Petition indicates the Feredays seek damages flowing from the death of Thomas Everett Fereday, Jr., who died as a result of a

9

motor vehicle collision. According to the factual allegations contained in the petition, the collision was caused by one or more of the following: (1) Elabhar's conduct – which the Feredays allege was negligent; (2) the condition of the roadway, including the metal cable barrier – which the Feredays allege was inadequate to prevent the accident; and (3) the traffic control plan – which the Feredays allege was not followed. The petition does not allege any facts indicating any Appellant was legally responsible for Elabhar's conduct, but it does allege Appellants were responsible for the traffic control plan and the condition of the roadway, including the metal cable barrier:

> The portion of the roadway where this collision occurred was, at all times material, and in multiple ways, subject to, and/or under the actual control of Defendants. The specifications and condition of the metal cables that allowed this catastrophic crash to occur were to be designed, drawn, created, placed and installed by or at the direction of Defendants. The inspection, maintenance, upkeep, and repair of those cables was to be likewise performed by Defendants. In addition, the condition and/or defects in the roadway at issue includes but is not limited to the metal median barrier cables, but further includes a failure to exercise ordinary care in the maintenance of this roadway, in maintenance of this roadway in a construction area, in failing to have adequate construction and/or design plans, in failing to follow said plans, in failing to follow the traffic control plan and in failing to insure the compliance with the traffic control plan. These failures, and these negligent acts and omissions on the part of Defendants were a proximate cause of the crash that claimed the life of THOMAS EVERETT FEREDAY, JR.

10

Although the petition does not expressly allege "professional negligence," the petition's factual allegations, rather than the labels used by the plaintiff, inform our analysis. *Amec Foster Wheeler USA Corp. v. Goats*, No. 09-18-00477-CV, 2019 Tex. App. LEXIS 7543, at *7 (Tex. App.—Beaumont Aug. 22, 2019, no pet.) (mem. op.) ("We are not bound by the labels that the plaintiffs use in formulating their pleadings, but we look to the underlying nature of the claim."). We "determine for ourselves what claims have been asserted, considering the source of the duty owed to the plaintiff and the nature of the remedy sought by the plaintiff." *Childress Eng'g Servs. v. Nationwide Mut. Ins. Co.*, 456 S.W.3d 725, 728 (Tex. App.—Fort Worth 2015, no pet.); *see also Channelview*, 2024 Tex. App. LEXIS 9030, at *20 ("We consider the substance of the pleading allegations rather than a party's characterization of those allegations.").

The statute does not define "professional services," but it does define "practice of engineering" as being synonymous with the definition in Texas Occupations Code section 1001.003, and we have relied on that definition when determining whether a petition implicates "the provision of professional services" by a licensed engineer. *Amec Foster Wheeler*, 2019 Tex. App. LEXIS 7543, at *7-8 (citing Tex. Occ. Code Ann. § 1001.003(b) and (c)); *see also Sam-Constr. Servs.*, 2023 Tex. App. LEXIS 9360, at *24-26. Texas Occupations Code section 1001.003 provides, in pertinent part,

(b)  In this chapter, "practice of engineering" means the performance of or an offer or attempt to perform any public or private service or creative work, the adequate performance of which requires engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical, or engineering sciences to that service or creative work.

(c)  The practice of engineering includes:

(1)  consultation, investigation, evaluation, analysis, planning, engineering for program management, providing an expert engineering opinion or testimony, engineering for testing or evaluating materials for construction or other engineering use, and mapping;

(2)  design, conceptual design, or conceptual design coordination of engineering works or systems;

(3)  development or optimization of plans and specifications for engineering works or systems;

(4)  planning the use or alteration of land or water or the design or analysis of works or systems for the use or alteration of land or water;

(5)  responsible charge of engineering teaching or the teaching of engineering;

(6)  performing an engineering survey or study;

(7)  engineering for construction, alteration, or repair of real property;

(8)  engineering for preparation of an operating or maintenance manual;

(9)  engineering for review of the construction or installation of engineered works to monitor compliance with drawings or specifications;

(10)  a service, design, analysis, or other work performed for a public or private entity in connection with a utility, structure, building, machine, equipment, process, system, work, project, or industrial or consumer product or equipment of a mechanical, electrical, electronic, chemical, hydraulic, pneumatic, geotechnical, or thermal nature;

(11)  providing an engineering opinion or analysis related to a certificate of merit under Chapter 150, Civil Practice and Remedies Code; or

(12)  any other professional service necessary for the planning, progress, or completion of an engineering service.

Tex. Occ. Code Ann. § 1001.003(b) and (c). Many of Appellants' alleged activities fall within the "large shadow" cast by "the umbrella of practicing engineering[.]" *Whitaker*, 603 S.W.3d at 538. These include allegations that the collision was caused by Appellants' specifications, designs, drawings, creation, placement, installation, inspection, maintenance, upkeep, and repair of the roadway or barrier. *See* Tex. Occ. Code Ann. § 1001.003(b) and (c) (1), (2), (3), (4), (7), (9), (10) and (12); *see also Amec Foster Wheeler*, 2019 Tex. App. LEXIS 7543, at *13 n.6 ("installation, inspection and maintenance" of an engineered system or project fall under § 1001.003(c)(10)). Similarly, the petition's allegations that the collision resulted from the failure "to follow the traffic control plan and [the failure] to [e]nsure the compliance with the traffic control plan" also implicate engineering functions

identified in the statutory definition. *See* Tex. Occ. Code Ann. § 1001.003(b) and (c) (1), (3), (4), (9), (10) and (12).

We conclude the Feredays' petition alleges an "action… for damages arising out of the provision of professional services by a licensed or registered professional[.]" *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). The Feredays were, therefore, required to file a certificate of merit. *Id*. Because the petition was filed less than ten days before the expiration of the applicable limitations period and the Feredays allege they were unable to procure a certificate of merit, the Feredays had until December 18, 2023, (the first weekday after the 30th day after the filing of their petition) to supplement their petition to include a certificate of merit. *Id*. § 150.002(c). The Feredays did not do so. The trial court erred to the extent its denial of Appellants' motions to dismiss was based on a conclusion the Feredays do not assert engineering claims against Appellants. Although the trial court had discretion to decide whether the dismissal would be with or without prejudice, it was without discretion to deny Appellants' motions to dismiss. *See Pedernal*, 536 S.W.3d at 489. ("Section 150.002(e) required dismissal of the claims against [Appellee], but the statute affords trial courts discretion to dismiss either with or without prejudice.").

We sustain Appellants' issues related to the applicability of the certificate of merit requirement.[1]

*Good Cause*

The Feredays' Second Amended Petition asserts, "Plaintiffs have thirty days after the filing of this pleading to supplement the pleadings with the affidavit. This is qualified by the trial court's ability, on motion and after hearing and for good cause, to extend such time as it shall determine justice requires." Nevertheless, the Feredays did not file either a certificate of merit nor a motion to extend the deadline before it expired on December 18, 2023.

Appellants filed their motions to dismiss on March 27 and May 2, 2024, and a hearing was set on June 12, 2024. The Feredays' response was filed on June 6, 2024, nearly six months after the deadline to file a certificate of merit had expired, and it included a "Motion for 150.003 [sic] Good Cause Extension" in which they argued there was good cause to extend the deadline because this is a complex case with fifteen defendants, the identities of some of which were discovered shortly before the Second Amended Petition was filed, one Appellant served inadequate disclosures, and two Appellants did not serve any disclosures. Although these arguments were reiterated during the hearing, the trial court did not announce at the

---

[1]Each Appellant presents similar issues on appeal, but they are ordered and numbered differently.

conclusion of the hearing that it had found good cause nor that it was extending the deadline to file a certificate of merit. Instead, the trial court announced it was denying Appellants' motions to dismiss. It then signed three orders which do not indicate good cause had been established nor that the deadline was extended, but which deny each of the motions to dismiss.

Although the trial court never expressly granted an extension of time, Appellants argue on appeal that the Feredays did not establish good cause, and the Feredays counter, "The trial court did not abuse its discretion by extending the time by which a certificate of merit was to be filed." We address these arguments to the extent they fairly include assertions the trial court's denial of Appellants' motions to dismiss was, or was not, justified by an implied finding the Feredays had good cause for not timely filing a certificate of merit. *See* Tex. R. App. P. 33.1(a)(2)(A), 38.1(f), 38.2(a)(2).

The statute indicates a plaintiff is automatically entitled to a 30-day grace period upon filing a petition within 10 days of the expiration of limitations alleging a certificate of merit could not be prepared due to such time constraints. Tex. Civ. Prac. & Rem. Code Ann. § 150.002(c). It further provides that the trial court may extend this grace period upon motion, hearing and a showing of good cause. *Id*. Notably, the statute does not indicate that good cause excuses non-compliance with the statute's certificate of merit requirement, nor that a motion to dismiss may be

16

denied upon a showing of good cause. "Although the statute gives the trial court discretion to allow a plaintiff more time in which to obtain the certificate in the one circumstance identified, it does not grant the trial court discretion to waive the requirement altogether, and it mandates dismissal of any claims for which a certificate is required and not produced." *TDIndustries v. Citicorp N. Am., Inc.*, 378 S.W.3d 1, 5 (Tex. App.—Fort Worth 2011, no pet.); *UOP, L.L.C. v. Kozak*, No. 01-08-00896-CV, 2010 Tex. App. LEXIS 3876, at *13 (Tex. App.—Houston [1st Dist.] May 20, 2010, no pet.) (mem. op.).

That said, we conclude Appellants' failure to serve disclosures does not constitute good cause for the Feredays' failure to file, or delay in filing, a certificate of merit. The statute generally requires the certificate of merit to be filed contemporaneously with the petition, which necessarily precedes disclosures or discovery. Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). A defendant is not even required to file an answer until a certificate of merit has been filed, and even if a defendant voluntarily answers beforehand, discovery does not begin until disclosures are due 30 days later, after the certificate of merit was required to have been filed. *Id.* § 150.002(d); Tex. R. Civ. P. 190.2(b)(1)(A), 194.2(a). Even when a plaintiff invokes the 30-day grace period, the deadline to file a certificate will still fall before a defendant's disclosures are due unless the defendant's answer is filed the same day as the petition. *Id*. Here, the earliest appearance filed by any Appellant

17

was on December 8, 2023, meaning disclosures were not due until January 8, 2024, three weeks after the Feredays were required to have already filed their certificate of merit. The Feredays assert two of the Appellants completely failed to serve disclosures, rather than simply serving them untimely, but we agree with our sister court that a defendant's conduct after suit is filed cannot constitute good cause for an extension of time:

> Crosstex had already violated the contemporaneous filing requirement when Pro Plus engaged in the conduct cited by Crosstex as a basis for applying the good cause exception. As we stated in *Ashkar*, "Nothing in Section 150.002 allows a plaintiff to cure a failure to timely comply." This holds true in this case. Crosstex cannot cure its failure to file a certificate of merit with its Original Petition or show 'good cause' by relying on Pro Plus's post-filing conduct. Thus, Pro Plus's post-filing conduct cannot serve as a basis for a good-cause extension of time to file a certificate of merit.

*Pro Plus, Inc. v. Crosstex Energy Servs., L.P.*, 388 S.W.3d 689, 701 (Tex. App.— Houston [1st Dist.] 2012), *aff'd*, 430 S.W.3d 384 (Tex. 2014) (citing *Ashkar Eng'g Corp. v. Gulf Chem. & Metallurgical Corp.*, No. 01-09-00855-CV, 2010 Tex. App. LEXIS 769, at *3 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.)); *cf. Alex Grp., LLC v. La Joya Indep. Sch. Dist.*, No. 13-19-00445-CV, 2021 Tex. App. LEXIS 1361, at *2-3, 6 (Tex. App.—Corpus Christi Feb. 25, 2021, no pet.) (mem. op.) (affirming trial court's granting of a 90-day extension of time to allow plaintiff to conduct discovery to obtain "old documents that were no longer contained in [general contractor's] files and had to be requested from other

sources"). Unlike the plaintiff in *Alex Group*, the Feredays have never identified what information they were hoping to obtain from Appellants' disclosures that would have enabled them to obtain a certificate of merit, nor did the Feredays serve any discovery on any of the Appellants during the almost five months during which discovery could have been conducted before the hearing on the motions to dismiss. Even after Appellants moved to dismiss, the Feredays neither filed a certificate of merit nor served any discovery aimed at enabling them to do so.

The Feredays cite *WCM Grp., Inc. v. Brown*, 305 S.W.3d 222, 224-25 (Tex. App.—Corpus Christi 2009, pet. dism'd), where the court of appeals upheld the trial court's finding of good cause to extend the deadline, but in that case, the plaintiff provided the trial court evidence that its expert was unable to complete the certificate of merit on time due to health problems suffered by the expert's wife. *Id*. at 224. The Feredays do not rely on any such unforeseen circumstances. They simply assert they need more time to conduct discovery to obtain unspecified information, without having alleged or shown due diligence, and despite having had at least sixteen months to investigate the claim before limitations expired, plus an additional thirty days thereafter.[2] The plaintiff in *WCM Group* notified the defendant that a certificate of merit was being pursued and the reason for the delay and asked that the defendant

---

[2]The Feredays' Second Amended Petition was filed sixteen months after their initial pleading requesting depositions under Rule 202. Tex. R. Civ. P. 202.

refrain from spending any time or money defending the claim until 31 days after the certificate of merit was filed. *Id*. The Feredays did not provide the trial court any evidence of any efforts to obtain a certificate of merit, nor of any efforts to spare Appellants any time or expense while a certificate of merit was being sought. Lastly, unlike the plaintiff in *WCM Group* who filed the certificate of merit along with the motion for extension of time, the Feredays never filed a certificate of merit at any time. *Id*. at 225. This fact alone distinguishes the Feredays' situation from those cases in which good cause was found. *See Kirksey Architects, Inc.*, 577 S.W.3d at 579-80.

The Feredays did not plead facts constituting good cause nor did they provide the trial court any evidence from which the trial court could have concluded there was good cause to extend the time for filing a certificate of merit beyond the December 18, 2023, deadline. It is undisputed the Feredays did not file a certificate of merit on or before that date, nor at any other time. To the extent that the trial court's denial of Appellants' motions to dismiss was based on an implied finding of good cause, the trial court abused its discretion because it was not provided "sufficient information upon which to exercise its discretion[.]" *AECOM Tech. Servs.*, 2024 Tex. App. LEXIS 607, at *3-4. We sustain Appellants' issues related to good cause.

20

## Conclusion

Having sustained Appellants' issues regarding the applicability of the certificate of merit requirement and the lack of good cause, we reverse the trial court's denial of Appellants' motions to dismiss, and we remand to the trial court to determine whether to dismiss the Feredays' claims against Appellants with or without prejudice.

REVERSED AND REMANDED.

KENT CHAMBERS
Justice

Submitted on May 13, 2025
Opinion Delivered May 15, 2025

Before Golemon, C.J., Johnson and Chambers, JJ.

21