**Affirmed and Opinion filed July 27, 2017.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-16-00407-CV

---

### CDI CORPORATION, Appellant

### V.

### TOTAL SPECIALTIES USA, INC., Appellee

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2015-64655**

---

## O P I N I O N

This case involves a plaintiff's failure to file a certificate of merit, as required under Chapter 150 of the Texas Civil Practice and Remedies Code, in a case arising at least in part out of the defendant's provision of professional engineering services. Appellant CDI Corporation (CDI) contends that the trial court abused its discretion by denying its request for a dismissal of the case with prejudice when appellee TOTAL Specialties USA, Inc. (TOTAL) stipulated that the reason it failed to file the certificate is that TOTAL and its attorneys did not know that a certificate of merit

was required. TOTAL disagrees, and also asserts that this court lacks jurisdiction over the appeal. Because we have jurisdiction over the appeal and the Supreme Court of Texas's recent opinion in *Pedernal Energy, LLC v. Bruington Engineering, Ltd.* defeats CDI's issue, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 28, 2015, TOTAL filed this lawsuit against CDI in the 11th District Court in Harris County. TOTAL's petition included claims for breach of contract, negligence, gross negligence, and fraud related to the construction of TOTAL's hydro de-aromatization unit at TOTAL's Bayport refinery in Pasadena, Texas.

It is undisputed that TOTAL sought damages arising at least in part out of the provision of professional engineering services by CDI. In such a case, section 150.002 of the Texas Civil Practice and Remedies Code requires that a certificate of merit be filed contemporaneously with the petition. *See* Tex. Civ. Prac. & Rem. Code § 150.002(a). Because TOTAL did not file a certificate of merit contemporaneously with its petition and the only exception to the statute's general requirement did not apply, CDI moved to dismiss TOTAL's lawsuit on November 30, 2015. *See id.* § 150.002(c) (providing good-cause exception if limitations period will expire within 10 days of filing). In its motion, CDI specifically requested that TOTAL's petition be dismissed with prejudice. *See id.* § 150.002(e).

The parties then engaged in a series of meetings over several months to discuss the issues and exchange information in preparation for mediation. However, on March 28, 2016, TOTAL filed a notice of nonsuit and request for dismissal without prejudice. In the notice of nonsuit, TOTAL explained that it intended to refile a similar case with a certificate of merit, and attached the 36-page certificate of merit "to catalog CDI's pervasive and crippling engineering failures." TOTAL filed a new lawsuit against CDI in the 129th District Court of Harris County the next day.

2

On March 31, 2016, the 11th District Court signed an order dismissing TOTAL's claims without prejudice. The order recited that the trial court considered only TOTAL's notice of nonsuit and ordered the dismissal without prejudice "[p]ursuant to Texas Rule of Civil Procedure 162."

After the dismissal of TOTAL's petition without prejudice, CDI sought a hearing on its motion to dismiss with prejudice. TOTAL filed a response to CDI's motion to dismiss, attaching another copy of the certificate of merit. CDI moved to strike TOTAL's certificate of merit and set both the motion to strike and its motion to dismiss for hearing. In advance of the hearing, the parties stipulated to the following facts:

(1) a Certificate of Merit was not filed with the Original Petition in Cause No. 2015-64655, *TOTAL Specialties USA, Inc. v. CDI Corporation*, in the 11th District Court of Harris County, Texas;

(2) CDI is a corporation in which registered professional engineers practice;

(3) the Original Petition sought damages arising at least in part out of the provision of professional engineering services by CDI;

(4) no Certificate of Merit had been prepared as of October 28, 2015, the date on which the Petition was filed; and

(5) TOTAL and TOTAL's attorneys (a) did not know as of October 28, 2015, that a Certificate of Merit must be filed with a Petition seeking damages arising out of the provision of professional services by a corporation in which registered professional engineers practice, and (b) were not aware of the requirements in that regard under section 150.002 of the Texas Practice & Remedies Code.

At the conclusion of the hearing, the trial court ruled that the dismissal of TOTAL's suit would remain a dismissal without prejudice.

On May 2, 2016, the trial court signed an order denying both CDI's motion to dismiss with prejudice and its motion to strike. The order noted that the case was dismissed without prejudice on March 31, 2016. This appeal followed.

## APPELLATE JURISDICTION

As an initial matter, TOTAL contends that this court lacks jurisdiction over the appeal because CDI's notice of appeal was untimely. TOTAL previously moved to dismiss the appeal on this basis, but this court denied TOTAL's motion without a written order. Because Total reurges its complaint in its appellate briefing, we will address it here.

TOTAL argues that its notice of nonsuit and attached certificate of merit was both a nonsuit of its claims and a response to CDI's motion to dismiss with prejudice that brought CDI's motion to dismiss directly before the trial court. TOTAL points out that its notice of nonsuit refers to CDI's motion and attaches the certificate of merit in response to the motion.

According to TOTAL, when the trial court signed the March 31 order nonsuiting TOTAL's claims without prejudice, its ruling also implicitly denied CDI's motion to dismiss, making the March 31 order an immediately appealable interlocutory order. *See* Tex. Civ. Prac. & Rem. Code § 150.002(f) ("An order granting or denying a motion for dismissal [under this section] is immediately appealable as an interlocutory order."). In that case, CDI's notice of appeal was due April 20, 2016. *See* Tex. R. App. P. 26.1; 28.1(a)–(b). CDI did not file a notice of appeal until May 16, 2016, when it appealed from the trial court's final order of May 2, 2016. Therefore, TOTAL argues, this court lacks jurisdiction over CDI's appeal. *See City of Houston v. Estate of Jones*, 388 S.W.3d 663, 667 (Tex. 2012) (per curiam) (holding that an interlocutory order not timely appealed is not reviewable by an appellate court).

We reject TOTAL's argument that the March 31 order implicitly denied CDI's motion to dismiss. At the time of the nonsuit order, CDI's motion to dismiss with prejudice had not been set for hearing or submission and TOTAL had not yet

4

filed a response. Further, TOTAL's notice of nonsuit did not request denial of CDI's motion to dismiss with prejudice, and the trial court's order makes no mention of CDI's motion to dismiss or section 150.002(e). CDI subsequently filed a notice of hearing on its section 150.002(e) motion to dismiss on April 11; TOTAL filed a response to the motion later that day. TOTAL's response describes CDI's motion as a request for "death-penalty sanctions against TOTAL for an innocent mistake by its lawyers"—the death-penalty sanction presumably being a dismissal with prejudice, since that is the only relief requested in the motion. Thus, neither the record nor the trial court's March 31 order of nonsuit—in the form proposed by TOTAL—support TOTAL's contention on appeal that the trial court's order also constituted a ruling on CDI's motion to dismiss with prejudice.

The Supreme Court of Texas considered a case with similar procedural facts as this one and concluded that the court of appeals had jurisdiction. *See CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299 (Tex. 2013) (per curiam). In that case, Starwood sued CTL for providing substandard engineering services and attached a certificate of merit to its petition. *Id.* at 300. CTL filed a motion to dismiss with prejudice under section 150.002(e), alleging the certificate of merit was deficient. The trial court denied the motion. CTL filed an interlocutory appeal. Before the appeal could be decided, however, Starwood nonsuited its claims against CTL. The court of appeals held the nonsuit mooted the appeal and dismissed the appeal for lack of jurisdiction. *See id.*

On review, the supreme court explained that while a plaintiff has an absolute right to nonsuit a claim before resting its case-in-chief, a nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief." *Id.* (quoting Tex. R. Civ. P. 162). The court noted that a motion for sanctions is a claim for affirmative relief that survives nonsuit "if the nonsuit would defeat the

5

purpose of sanctions." *Id.* (citing *Aetna Cas. & Sur. Co. v. Specia*, 849 S.W.2d 805, 806–07 (Tex. 1993)). The court concluded that a dismissal with prejudice under section 150.002(e) is such a sanction, because the statute's purpose is "to deter meritless claims and bring them quickly to an end." *Id* at 301. The court thus held that Starwood's nonsuit did not moot CTL's appeal. *Id.*

As in *Starwood*, CDI's motion to dismiss with prejudice under section 150.002(e) was a request for a sanction that survived TOTAL's nonsuit. *See id.* Because the trial court did not rule on CDI's motion to dismiss with prejudice until May 2, CDI's notice of appeal was timely and this court has jurisdiction over the appeal.

### ANALYSIS OF CDI'S ISSUE

In a single issue, CDI contends that the trial court abused its discretion by dismissing TOTAL's claims without prejudice when TOTAL did not file a certificate of merit with its original petition as required by Chapter 150 of the Texas Civil Practice and Remedies Code. "A court abuses its discretion if its decision is arbitrary, unreasonable, or without reference to guiding principles." *In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008) (orig. proceeding).

A plaintiff asserting a claim for damages arising out of the provision of professional services by a licensed professional engineer or any firm in which a licensed professional engineer practices must file with its "complaint" a statutorily compliant affidavit by an expert knowledgeable in the defendant's area of practice, known as a certificate of merit. *See* Tex. Civ. Prac. & Rem. Code § 150.002(a); *id.* § 150.001(1-a). The plaintiff's failure to file the certificate of merit as required "*shall* result in dismissal of the complaint against the defendant." *Id.* § 150.002(e) (emphasis added). The dismissal "*may* be with prejudice." *Id.* (emphasis added).

6

CDI first contends that when, as here, the plaintiff does not file a required certificate of merit with the original petition, section 150.002(e) requires dismissal of the petition with prejudice. Recently, however, the Supreme Court of Texas rejected arguments similar to those CDI makes in support of its position, holding that "the statute affords trial courts discretion to dismiss either with or without prejudice," even when a party fails to file an affidavit with the first-filed complaint. *See Pedernal Energy, L.L.C. v. Bruington Eng'g, Ltd.*, ___ S.W.3d ___, No. 15-0123, 2017 WL 1737920, at *1, *6 (Tex. Apr. 28, 2017). Therefore, the mere fact that TOTAL did not file the required certificate of merit with its original pleading does not, without more, require dismissal with prejudice. *See id.* at *6 (explaining that the plaintiff's "failure to file an expert affidavit with its original petition was not, by itself, evidence that the allegations in its petition lacked merit or mandated the sanction of dismissal with prejudice").

CDI also contends that even if the trial court had discretion to dismiss with or without prejudice under section 150.002(e) (as *Pedernal* now holds), the trial court had no discretion to order dismissal without prejudice given TOTAL's acknowledgement that it failed to file a certificate of merit because it did not know that one must be filed in its case and was not aware of the requirements of section 150.002. CDI argues that the trial court did not meaningfully exercise its discretion, but merely stated that its reason for denying the motion was its concern about the potential consequences for TOTAL's lawyer.

As *Pedernal* recognizes, the language of section 150.002 provides no guiding rules or principles for a trial court's exercise of discretion. *Id.* (citing *Starwood*, 390 S.W.3d at 301). Drawing on the section's title ("Certificate of Merit") and the court's earlier consideration of the Legislature's intent in enacting section 150.002, the court concluded that the Legislature enacted the statute "to deter meritless claims and

bring them quickly to an end." *Id.* (quoting *Starwood*, 390 S.W.3d at 301). *Pedernal* instructs that, in light of the statutory language and its purpose, courts must consider various factors, taking into account the facts and circumstances of the particular case, when reviewing the trial court's exercise of its discretion. *Id.*; *see also CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 461 S.W.3d 627, 631 (Tex. App.—Fort Worth 2015, pet. denied) ("[W]e agree with [the plaintiff] that the statutory provision giving trial courts discretion to dismiss without prejudice reflects the legislature's intent to allow trial courts to determine when a plaintiff should be given a second opportunity to comply with the statute." (quoting *TIC N. Cent. Dall. 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 77 (Tex. App.—Dallas 2014, pet. denied))).

In this case, CDI stipulated that TOTAL's counsel was unaware of the statutory requirements of section 150.002 or its applicability to the case when it filed the petition, thus conceding that TOTAL's conduct was not intentional or for an improper purpose. A certificate of merit was obtained and filed with TOTAL's notice of nonsuit within four months after CDI's motion to dismiss notified TOTAL's counsel of the mistake. TOTAL's notice of nonsuit attached the 36-page certificate of merit and indicated that TOTAL intended to refile its lawsuit to remedy the mistake, which is some evidence that the claims have merit. The trial court denied CDI's motion to strike the certificate of merit, and CDI has not challenged that ruling on appeal. Considering the facts and circumstances of this case, we conclude that the trial court did not abuse its discretion in denying CDI's motion to dismiss without prejudice. *See Pedernal*, 2017 WL 1737920, \*6.

## CONCLUSION

We overrule CDI's issue and affirm the trial court's judgment.

/s/    Ken Wise
        Justice

Panel consists of Chief Justice Frost and Justices Donovan and Wise.