**Affirmed and Opinion filed February 26, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00146-CV

---

### TEXAS SOUTHERN UNIVERSITY, Appellant

### V.

### KIRKSEY ARCHITECTS, INC.; PARADIGM CONSULTANTS, INC.; NATHELYNE KENNEDY & ASSOCIATES, L.P. F/K/A NATHELYNE KENNEDY & ASSOCIATES L.P.; AND HAYNES WHALEY ASSOCIATES INC. STRUCTURAL ENGINEERING, Appellees

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2017-50516**

---

## O P I N I O N

Texas Southern University ("TSU") appeals the trial court's orders dismissing with prejudice its claims against appellees Kirksey Architects, Inc., ("Kirksey"), Paradigm Consultants, Inc. ("Paradigm"), Nathelyne Kennedy & Associates, L.P. ("NKA"), and Haynes Whaley Associates, Inc. ("Haynes Whaley"). TSU's claims arise from allegedly defective design and construction of a building on TSU's

campus. Appellees sought dismissal on the grounds that TSU failed to comply with the certificate of merit requirement in Texas Civil Practice and Remedies Code chapter 150. Tex. Civ. Prac. & Rem. Code §§ 150.001-.004. TSU contends the trial court abused its discretion by failing to provide an extension of time to file the required certificates of merit and, separately, by dismissing its claims with prejudice instead of without prejudice.

For the reasons explained below, we conclude that the trial court did not abuse its discretion in either respect. Accordingly, we affirm the trial court's dismissal orders.

## Background

Kirksey, Paradigm, NKA, and Haynes Whaley (collectively, "Appellees") were involved in the design and construction of TSU's Barbara Jordan/Mickey Leland School of Public Affairs Building (the "SOPA building" or the "project"). Kirksey was the architect of record; Paradigm was the geotechnical engineer; and NKA and Haynes Whaley were structural engineers. Satterfield & Pontikes Construction, Inc. ("S&P Construction") was the general contractor.[1]

Construction on the project began in mid-October 2005. On July 31, 2007, Kirksey declared the project to be substantially complete. In the certificate of completion, Kirksey stated that the work was "sufficiently complete in accordance with the Contract Documents so that [TSU] can occupy or utilize the Work for its intended use." Nearly six months later, on December 21, 2007, TSU notified Appellees and S&P Construction of "various material cracks" in the building's masonry. TSU requested Appellees to determine and provide information regarding

---

[1] S&P Construction is not a party to this appeal; TSU's claims against S&P Construction remain pending in the trial court.

2

the cracking's root cause, a detailed scope of necessary corrective work, the contractor responsible for performing repairs, and an estimated completion date.

Kirksey, on behalf of all Appellees, responded on March 7, 2008. Appellees acknowledged that the moisture content under the SOPA building was "greater than expected" and was the "root cause" of the building's distress. Appellees could not identify the excess moisture's source without "destructive demolition and additional testing." However, Appellees informed TSU that the distress had stabilized and that they would cover repair costs. TSU hired McGinty Architectural Consultants, LLC ("McGinty") to inspect the SOPA building and evaluate Appellees' repair proposal. McGinty recommended that TSU proceed with Appellees' recommendations but suggested that TSU obtain an extended warranty from Appellees. According to TSU, Appellees paid approximately $31,000 for "repair work."

Problems persisted subsequent to the McGinty recommendations. According to Kirksey, another structural engineering firm, Walter P. Moore and Associates, Inc., drafted a report in October 2010, which concluded that the most likely cause of the observed distress was differential movement of the structure caused by heaving of subgrade soils due to increased moisture. The Moore report proposed specific courses of action to address the building distress. Again according to Kirksey, TSU took no action in response to the Moore report and never notified any Appellees that TSU attributed any problems identified by Moore as being any Appellees' responsibility. It is unclear from the record when the Moore report was finalized, but it may have been as late as 2012.

In February 2014, TSU requested that the Texas Office of the Attorney General (the "OAG") assign counsel to represent it on its claims related to the SOPA building. The OAG assigned an assistant attorney general to represent TSU, and the assistant attorney general directed TSU to engage consultants to fully assess the

3

condition of the building and prepare an estimate of costs to repair all observed defects in the building.

TSU again hired McGinty to spearhead this effort; McGinty assembled a team of consultants to fully evaluate the building issues. McGinty delivered its report in February 2015, estimating the cost of correcting all defects in the building to be nearly $5 million. TSU provided the McGinty report to the assistant attorney general in charge of the case.

In January 2017, the assistant attorney general informed TSU that, due to other commitments, the OAG would not be able to file a lawsuit on TSU's behalf. TSU's in-house counsel immediately began looking to retain private counsel. TSU was unable to reach acceptable terms with one firm in January and was unable to obtain OAG approval to hire a second firm in April. In May, TSU met with another firm; TSU's administration approved retention of this firm in June, and the OAG's office approved the hiring of this firm on July 14, 2017.

Meanwhile, TSU's newly retained counsel discovered that none of the professionals who were involved in preparing McGinty's 2015 report was able to provide affidavits pursuant to the certificate of merit statute. Ordinarily, the certificate of merit must be in affidavit form and filed simultaneously with the original petition.[2] On July 24, 2017, TSU's counsel sent a written notice of claim to Appellees, offering to postpone filing suit if they agreed that the written notice extended the ten-year statute of repose period stated in Texas Civil Practice and

---

[2] *See* Tex. Civ. Prac. & Rem. Code § 150.002. For the types of claims asserted here, TSU was required to file with the petition affidavits of third-party licensed professionals holding the same professional license or registration as the defendants and setting forth specifically for each theory of recovery "the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim." *Id*. § 150.002(a), (b).

Remedies Code section 16.008(a) and (c).[3]  Under section 16.008(c), if the claimant presents a written claim for damages to the professionals within the 10-year period, the period in which to file suit is extended for two years from the day the claim is presented.  Tex. Civ. Prac. & Rem. Code § 16.008(c).  None of the Appellees agreed, and TSU filed suit against Appellees (and S&P) without the certificates of merit required by section 150.002.

In its petition, filed July 31, 2017, TSU alleged the following facts relevant to the certificate of merit requirement:

> TSU would show that suit is being filed within 10 days of the expiration of 10 years from the July 31, 2007 issuance of the Certificate of Substantial Completion of the SOPA Building, and that TSU is filing suit at this time only because Defendants refused to acknowledge that the 10 year limitations period set forth in sections 16.008 and 16.009 does not expire on July 31, 2017.  TSU contends that such 10 year limitations period did not begin to run on July 31, 2007 because the building was not, in fact, substantially complete on that date.  Moreover, TSU alleges that it presented a written claim for damages to Defendants, as required by CPRC sections 16.008(c) and 16.009(c), thus extending the 10 year limitations period for an additional two years.  *Nonetheless, out of an abundance of caution and in accordance with section 150.002(c) of the Texas Civil Practice and Remedies Code, TSU is filing suit at this time and avers that the contemporaneous Certificate of Merit filing requirement is not applicable to this case. TSU will supplement this petition with the required Certificates of Merit in accordance with section 150.002(c).*

(Emphasis added).  Each Appellee answered TSU's suit in October 2017.  From November 2017 to early January 2018, Appellees filed motions to dismiss TSU's claims against them because TSU failed to file certificates of merit.

---

[3] *See id.* § 16.008(a) (providing that, in suit against certain licensed professionals, a party must bring suit for damages "not later than 10 years after the substantial completion of the improvement").

On January 30, 2018, TSU responded to Appellees' motions to dismiss. By that time, TSU still had not filed any certificates of merit, and it sought an extension of at least sixty days from January 30 to file them. According to TSU, it was entitled to an "automatic" thirty-day extension from July 31, 2017, because the ten-year filing period would have expired within ten days of the date TSU filed its petition. *See id.* § 150.002(c). Additionally, TSU argued it was entitled to a further extension of approximately seven months for "good cause," under section 150.002(c). TSU contended that the above-described delays in filing suit, the unavailability of McGinty and others to provide the required affidavits, and the impact of Hurricane Harvey,[4] together constituted good cause to file certificates of merits eight months after TSU filed its petition. TSU stated that, as of the filing of its motion to extend time, it had "located and retained . . . consultants, who are in the process of re-doing the investigative work previously done by the McGinty team." TSU further urged that, although the McGinty report, which it attached to its motion, did not qualify as a certificate of merit, the report "provides a solid foundation for the conclusion that TSU's claims are far from frivolous."

After a hearing on February 2, 2018, the trial court signed three separate orders dismissing with prejudice TSU's claims against Kirksey, Paradigm, and NKA, respectively. On February 21, the court signed an order dismissing TSU's claims against Haynes Whaley, but the order does not indicate whether it is with or without prejudice.[5] TSU timely filed this interlocutory appeal.[6]

---

[4] TSU asserted that Hurricane Harvey struck the Houston area on August 26, 2017, "mere days" before the thirty-day contemporaneous filing exception deadline under section 150.002(c), to which TSU claimed entitlement.

[5] According to their briefs, both TSU and Haynes Whaley consider the order a dismissal with prejudice.

[6] *See* Tex. Civ. Prac. & Rem. Code § 150.002(f) ("An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order.").

## Standard of Review

Generally, we review a trial court's order granting a motion to dismiss under section 150.002 for an abuse of discretion. *Eng'g & Terminal Servs., L.P. v. TARSCO, Inc.*, 525 S.W.3d 394, 397 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). A trial court abuses its discretion when it acts unreasonably or without reference to any guiding rules or principles or fails to analyze or apply the law correctly. *See id.*; *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

TSU never filed a certificate of merit and argues it was entitled to an extension of time to do so under section 150.002(c). That section allows the court to consider matters outside the pleadings, including evidence bearing on whether good cause supports an extension to file the necessary affidavits. Because we review the trial court's ruling for abuse of discretion, we consider any evidence the parties presented in addition to the allegations in the plaintiff's petition. *See Natex Corp. v. Paris Indep. Sch. Dist.*, 326 S.W.3d 728, 732 (Tex. App.—Texarkana 2010, pet. dism'd w.o.j.). No party requested findings of fact or conclusions of law. We therefore imply all necessary findings of fact to support the trial court's dismissal orders, and we will sustain those orders on any reasonable theory that is consistent with the evidence and the applicable law, considering only the evidence favorable to the decision. *See id.* (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)); *see also In re Estate of Guerrero*, 465 S.W.3d 693, 701 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("When a party does not request findings of fact or conclusions of law and the trial court files none, it is implied that the trial court made all findings of fact necessary to support its ruling."). An abuse of discretion does not occur as long as some evidence of substantive and probative character supports the trial court's decision. *Gessner Eng'g, LLC v. St. Paraskevi Greek Orthodox*

*Monastery, Inc.*, 507 S.W.3d 865, 867 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

To the extent our review requires statutory interpretation, we conduct that portion of our review de novo. *See Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014). "In construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the language of the statute." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). We presume that the legislature "deliberately and purposefully selects words and phrases it enacts, as well as deliberately and purposefully omits words and phrases it does not enact." *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012).

**Analysis**

**A.     Extension of Time**

Texas Civil Practice and Remedies Code section 150.002 generally requires that a certificate of merit affidavit be filed contemporaneously with a petition asserting claims against design professionals such as Appellees. *See* Tex. Civ. Prac. & Rem. Code § 150.002(a). However, the contemporaneous filing requirement does not apply to any case "in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed [professional] could not be prepared." *Id.* § 150.002(c). In that situation, a plaintiff "shall" be granted a thirty-day extension to file a certificate of merit and may obtain further extensions for good cause and as the trial court determines "justice requires." *See id.*

In its first issue, TSU contends that the trial court abused its discretion in refusing to provide TSU with more time to file its certificates of merit pursuant to section 150.002(c). In response, Appellees make three arguments. Appellees

8

contend TSU was not entitled to an initial thirty-day extension because the exception applies only to statutes of "limitations" and not periods of "repose," such as the one applicable to TSU's claims.[7] Alternatively, TSU was not entitled to a thirty-day extension because it failed to allege that the certificates could not be prepared in time to file them simultaneously with the original petition because the limitations period expired within ten days of the date of filing. Finally, to the extent TSU was entitled to a thirty-day extension, Appellees say TSU failed to demonstrate good cause for a further seven-month extension. We conclude the trial court could have acted within its discretion in dismissing the claims based on Appellees' second or third arguments.

Section 150.002(c) grants a plaintiff thirty days after filing the petition to supplement the pleadings with the certificate of merit affidavit if the plaintiff (1) files suit within ten days of the date the applicable limitations period expires, and (2) alleges that a certificate of merit could not be prepared because of such time constraints. *Id.* Securing the additional thirty-day period to supplement the petition with a certificate of merit requires the plaintiff to satisfy both requirements, including alleging "that its near-limitations filing prevented the preparation of a certificate of merit." *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 391 (Tex. 2014).

Here, TSU filed suit on July 31, 2017, and it is undisputed that it did not attach certificates of merit to its petition. TSU stated in its petition that the contemporaneous certificate of merit filing requirement was not applicable to this case and that it would supplement the petition with the required certificates "in

---

[7] TSU contends it timely filed suit against Appellees pursuant to Texas Civil Practice and Remedies Code section 16.008, which is a statute of repose. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 865 (Tex. 2009) ("Section 16.008 of the Civil Practice and Remedies Code is a statute of repose.").

accordance with section 150.002(c)." But TSU did not allege that its near-limitations filing prevented the preparation of the certificates of merit. *See* Civ. Prac. & Rem. Code § 150.002(c); *Crosstex*, 430 S.W.3d at 390-91. Moreover, TSU did not allege that the relevant statute of limitations or repose expired on July 31, 2017; quite the contrary, TSU alleged that the ten-year filing period set forth in sections 16.008 and 16.009 did not expire on July 31, 2017.[8] Therefore, TSU's allegations did not trigger the thirty-day extension under section 150.002(c). *See Crosstex*, 430 S.W.3d at 390-91; *see also Barron, Stark & Swift Consulting Eng'rs, LP v. First Baptist Church*, 551 S.W.3d 320, 323-24 (Tex. App.—Beaumont 2018, no pet.) (allegation of plaintiff's inability to obtain certificate of merit under 150.002(c) must be made contemporaneously with filing of original petition); *Emerald Waco Invs., Ltd. v. Petree*, No. 05-15-00863-CV, 2016 WL 4010056, at *5 (Tex. App.—Dallas July 25, 2016, no pet.) (mem. op.) (same); *Jordan & Assocs. v. Wells*, No. 01-14-00992-CV, 2015 WL 4591786, at *2-3 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (mem. op.).

Consequently, the trial court would have lacked discretion to grant any further extension in excess of thirty days for good cause under the last sentence of section 150.002(c) because that sentence applies only if the two conditions in the first sentence are met. *See Crosstex*, 430 S.W.3d at 390-91 ("[W]e read the good cause exception of section 150.002(c) as flowing from compliance with the remainder of the subsection; it does not stand alone."); *see also Apex Geoscience, Inc. v. Arden Texarkana, LLC*, 370 S.W.3d 14, 20 (Tex. App.—Texarkana 2012, pet. granted,

---

[8] As excerpted *supra*, TSU stated in its petition that "such 10 year limitations period did not begin to run on July 31, 2007 because the building was not, in fact, substantially complete on that date. Moreover, TSU alleges that it presented a written claim for damages to Defendants, as required by CPRC sections 16.008(c) and 16.009(c), thus extending the 10 year limitations period for an additional two years."

judgm't vacated w.r.m.) ("Here, the Owners failed to qualify for the thirty-day automatic grace period and, therefore, cannot qualify for the good-cause extension thereof."). As those two conditions are not met here, TSU was not entitled to any extension for reasons of good cause.

Thus, the trial court did not abuse its discretion by refusing to grant TSU an extension of time to file its certificates of merit and dismissing TSU's claims against Appellees. We overrule TSU's first issue.

## B. Dismissal with Prejudice

In its second issue, TSU asserts that the trial court abused its discretion in dismissing its claims with prejudice rather than without prejudice.

If a plaintiff fails to comply with the certificate of merit requirement, the trial court must dismiss the action, and the dismissal "may be with prejudice." Tex. Civ. Prac. & Rem. Code § 150.002(e). While trial courts may dismiss claims with prejudice, the legislature's use of the word "may" does not permit courts to apply their discretion arbitrarily or unreasonably. *See Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 492 (Tex. 2017) (citing *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n*, 390 S.W.3d 299, 301 (Tex. 2013)). Section 150.002 provides no guidance concerning how a court should exercise its discretion to dismiss with or without prejudice. We thus consider "various factors, . . . given the facts and circumstances of the particular case," bearing in mind that a section 150.002(e) dismissal is a remedy "to deter meritless claims and bring them quickly to an end." *Id.* at 494 (internal citations omitted); *CDI Corp. v. TOTAL Specialties USA, Inc.*, 528 S.W.3d 802, 807 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 461 S.W.3d 627, 631 (Tex. App.—Fort Worth 2014, pet. denied)).

11

In arguing that a dismissal with prejudice was an abuse of discretion, TSU relies largely on *Pedernal*. *See Pedernal*, 536 S.W.3d at 489, 491-94. There, Pedernal sued Bruington Engineering and others for negligence in providing substandard engineering services in connection with a fracturing operation on Pedernal's gas well. *Id.* at 488. Pedernal failed to file a certificate of merit with its original petition, and Bruington moved to dismiss. *Id.* Pedernal non-suited, then re-filed its claims against Bruington by amended petition, this time accompanied by a certificate of merit. *Id.* at 488-89. The trial court denied Bruington's motion to dismiss, but the San Antonio Court of Appeals reversed and remanded with instructions to dismiss. *Id.* at 489. The trial court then dismissed Pedernal's claim without prejudice; Bruington again appealed. *Id.* The San Antonio Court of Appeals held that, under section 150.002(e), Pedernal's claims should have been dismissed with prejudice because Pedernal failed to file an expert affidavit with its original petition. *Id.* The Supreme Court of Texas reversed the San Antonio Court of Appeals and reinstated the trial court's dismissal without prejudice. *Id.* at 488.

Since *Pedernal*, at least two intermediate courts of appeals, including this court, have affirmed dismissals without prejudice when a plaintiff fails to file a certificate of merit with its original claim. *See CDI Corp.*, 528 S.W.3d at 806-07 (trial court did not abuse its discretion in dismissing claims without prejudice when plaintiff's counsel was unaware that certificate was required and obtained and filed it within four months after opposing counsel notified plaintiff of mistake); *TDIndustries, Inc. v. United Nat'l Ins. Co.*, No. 07-16-00231-CV, 2017 WL 2334234, at *2 (Tex. App.—Amarillo May 23, 2017, pet. denied) (mem. op.). As these cases have held, a trial court does not abuse its discretion when dismissing claims without prejudice for failing to comply with the certificate of merit requirements.

TSU has not directed us to any cases holding that a dismissal with prejudice under section 150.002(e) was an abuse of discretion. We are aware of three courts that have held a dismissal with prejudice was error, but each of those cases is factually or circumstantially distinguishable.[9] The Second Court of Appeals has affirmed a dismissal with prejudice, but it does not appear that disposition was challenged. *Thomas v. EFI Global, Inc.*, No. 02-16-00379-CV, 2017 WL 549424, at \*2-4 (Tex. App.—Fort Worth Nov. 16, 2017, no pet.) (mem. op.). None of these decisions is particularly illuminating here. As *Pedernal* instructs, we look to the facts and circumstances of this case, bearing in mind that a section 150.002(e) dismissal is a remedy to deter meritless claims and bring them quickly to an end. *Pedernal*, at 536 S.W.3d at 494.

TSU relies on the following assertions in support of its argument:

- TSU notified Appellees in December 2007 of issues with the building; Appellees responded that they had "worked together collaboratively to determine the cause and solution to the building distress." They performed additional work on the building in 2008 and created a "remediation plan that addresses current conditions."

---

[9] *Miramar Petroleum, Inc. v. Cimarron Eng'g, LLC*, 484 S.W.3d 214, 215, 218 (Tex. App.—Corpus Christi 2016, pet. denied) (trial court erred in dismissing with prejudice when plaintiff re-filed previously dismissed suit via amended petition and complied with section 150.002(c) by filing certificate within thirty days after re-filing); *JJW Dev., L.L.C. v. Strand Sys. Eng'g, Inc.*, 378 S.W.3d 571, 574, 581 (Tex. App.—Dallas 2012, pet. denied) (holding that trial court erred in dismissing with prejudice for failure to file certificate because amended petition bringing only breach-of-contract claim did not contain any claims that required certificate of merit under prior version of section 150.002); *JNY, L.P. v. Raba-Kistner Consultants, Inc.*, 311 S.W.3d 584, 588 (Tex. App.—El Paso 2010, no pet.) (holding, under previous version of section 150.002, that trial court erred in dismissing with prejudice negligence claims for plaintiff's failure to file certificate because corporate entities were not subject to certificate-of-merit requirement).

- After having accepted TSU's request to assign counsel in March 2014, the OAG notified TSU in January 2017 that it would be unable to file suit.

- TSU engaged current counsel in May 2017, but the OAG did not approve counsel's retention until mid-July.

- By then, TSU had roughly two weeks before the ten-year anniversary of Kirksey's certification of substantial completion. TSU's counsel discovered that McGinty was no longer in business, and the experts retained by McGinty to evaluate TSU's building were likewise unable or unavailable to provide certificates of merit.

- Because it was unable to obtain certificates of merit before the ten-year statute of repose period expired, TSU sent a written claim notice to Appellees on July 24, 2017, offering to postpone filing suit if Appellees would agree that the written claim extended the ten-year period.[10] Appellees did not agree, and TSU filed suit on July 31, 2017 without the certificates of merit rather than face what it described as "a limitations battle." According to TSU, it intended "to supplement the petition within the [certificate-of-merit] statute's 30-day contemporaneous filing exception deadline or, with the Court's permission, sometime thereafter 'as justice required.'" That deadline fell on August 31."[11]

- TSU could not meet that deadline because Hurricane Harvey struck the Houston area on August 26, 2017. In the following months, TSU "contacted at least 9

---

[10] *See* Tex. Civ. Prac. & Rem. Code § 16.008(c).

[11] The thirty-day deadline actually fell on August 30, rather than August 31, as TSU alleged. However, TSU did not file the certificates of merit or seek an extension of time to do so before either date; TSU first sought an extension on January 30, 2018, almost six months after it filed suit.

potential consultants that declined or were otherwise unable to serve as experts for TSU in this matter."

- As of late January 2018, TSU had located and retained consultants who were in the process of "re-doing the investigative work previously done by the McGinty team." TSU requested an extension of at least 60 days so that these consultants would have time to finish their investigations and prepare certificates of merit.

However, other circumstances, some undisputed, support the trial court's decision to dismiss TSU's claims with prejudice. First, TSU became aware in 2007 that there were, at a minimum, cosmetic problems with the SOPA building. In early 2008, investigations by one or more Appellees, which were confirmed by TSU's retained consultant McGinty, highlighted soil moisture issues. Thereafter, when the SOPA building problems either reappeared or remained unresolved, TSU hired additional consultants. Surveys and studies, including the Moore report, showed that moisture levels remained problematic, which likely caused building distress. The record does not indicate that TSU took any action in response to the Moore report.

TSU did not contact the OAG about pursuing litigation until February 2014, and there is no explanation for this delay in our record. The OAG agreed to represent TSU in March 2014, and TSU commissioned new studies and surveys to detail the building's issues and estimate costs for repair. McGinty prepared and delivered its report in February 2015. Our record does not indicate why the necessary affidavits were not obtained during the nearly two-year period between that date and January 2017, when the OAG's office notified TSU that it would be unable to pursue litigation on TSU's behalf.

Despite more than one unexplained pre-filing delay, TSU filed suit within ten years of Kirksey's certification of substantial completion of the SOPA building

15

project. TSU stated in its petition that it would supplement with the required certificates of merit "in accordance with section 150.002(c)"; thus, TSU cannot claim it was unaware of a need to file certificates of merit in conjunction with its suit. *Cf. CDI Corp.*, 528 S.W.3d at 806-07. TSU failed to comply with section 150.002(c).

As TSU now contends, it believed when it filed its petition that it potentially had another thirty days from the date of filing to supplement with the required certificates of merit. To the extent Hurricane Harvey hindered TSU's ability to obtain the certificates after the hurricane made landfall on August 26, 2017, TSU offered no explanation for why it made no progress on securing affidavits between the date it filed suit and the date of the hurricane. There exists no indication in the record that, for the twenty-five days between the petition's filing and Hurricane Harvey, TSU was in contact with any potential professionals. TSU failed to move for an extension of time to file its certificates of merit until almost six months after it filed suit.

Critically, TSU still has never supplemented its petition with any affidavits. This fact alone distinguishes TSU's situation from the cases discussed above, in which the appellate courts affirmed the trial courts' dismissals without prejudice. In each instance, the plaintiffs supplemented the record with the required affidavits before the trial courts' dismissal orders. *See Pedernal*, 536 S.W.3d at 490; *CDI Corp.*, 528 S.W.3d at 807 ("A certificate of merit was obtained and filed with TOTAL's notice of nonsuit within four months after CDI's motion to dismiss notified TOTAL's counsel of the mistake."); *TDIndustries, Inc.*, 2017 WL 2334234 at *2 ("United's ability to produce an expert's affidavit at the hearing is a factor the trial court could have considered in its decision whether to dismiss the case with prejudice.").

That TSU has never supplemented with a certificate of merit undermines its argument that its claims in fact have merit and thus should not be dismissed with prejudice. Instead, TSU refers to Kirksey's March 7, 2008 letter concerning leaks and the 2015 McGinty report. These documents point to excessive moisture as causing the building distress. But neither document provides any basis for concluding that any Appellee violated applicable professional standards, which is a certificate of merit's fundamental purpose.[12] Absent any affidavits, the trial court had no way of evaluating whether TSU's claims against Appellees had merit. *Cf. CDI Corp.*, 528 S.W.3d at 807 ("TOTAL's notice of nonsuit attached the 36-page certificate of merit and indicated that TOTAL intended to refile its lawsuit to remedy the mistake [of failing to provide a certificate of merit with its original claims], which is some evidence that the claims have merit."); *M-E Eng'rs, Inc. v. City of Temple*, 365 S.W.3d 497, 504 (Tex. App.—Austin 2012, pet. denied) (noting that certificate-of-merit statute's text "reflects a legislative goal of requiring . . . that plaintiffs make a threshold showing that their claims have merit"). As the Supreme Court observed in *Pedernal*, "[a] plaintiff's failure to file an affidavit with an original petition, together with the filing of an amended petition with a deficient affidavit, might support a trial court's determination that the claims lack merit." *Pedernal*, 536 S.W.3d at 496. In today's case, TSU did not file certificates of merit with its original petition and never supplemented with any certificates before dismissal. A dismissal with prejudice under those circumstances is consistent with the statute's goal to deter meritless claims and bring them quickly to an end. *See id.* at 494.

---

[12] Tex. Civ. Prac. & Rem. Code § 150.002(b) ("The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim.").

In sum, on the present record and considering the facts and circumstances of this case, we conclude the trial court's decision to dismiss with prejudice was neither unreasonable nor arbitrary, nor did the trial court fail to analyze or apply the law correctly. Accordingly, the trial court did not abuse its discretion in dismissing TSU's claims with prejudice.

We overrule TSU's second issue.

## Conclusion

Having overruled TSU's issues, we affirm the trial court's orders dismissing TSU's claims.

/s/    Kevin Jewell
       Justice

Panel consists of Justices Christopher, Jewell, and Hassan.