**Affirmed and Memorandum Opinion filed October 15, 2024**



**In The**

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-23-00954-CV

**STACY DEBNAM, Appellant**

**V.**

**GAY AND LOUDERMILK ENGINEERS, INC., Appellee**

**On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2023-24101**

## MEMORANDUM OPINION

Pro se appellant Stacy Debnam appeals the trial court's order dismissing her case because she failed to attach a certificate of merit to her petition alleging claims against appellee Gay and Loudermilk Engineers, Inc. (Engineers). *See* Tex. Civ. Prac. & Rem. Code § 150.002 (mandating dismissal of claim for damages arising out of the provision of professional engineering services if claimant fails to file with the complaint a certificate of merit prepared by a licensed professional engineer). We affirm.

**BACKGROUND**

The facts in this case are undisputed. In 2012 Debnam contracted with Engineers for the provision of professional engineering services related to a construction project on Debnam's residence. Once the work on Debnam's residence was completed, she noted various defects in her residence. Believing Engineers had provided deficient engineering services on the construction project, Debnam filed suit in 2023. Debnam alleged numerous causes of action, all arising out of Engineers' provision of professional engineering services. Debnam did not attach a certificate of merit prepared by a professional engineer to her Original Petition or her First Amended Petition. Debnam, however, did file a motion for leave to late file a certificate of merit.

The trial court held an oral hearing on Debnam's motion on August 7, 2023. During the hearing, the trial court asked Debnam how much additional time she needed to file the required certificate of merit. Debnam told the court that she hoped "less than a month." The trial court granted Debnam's motion and gave her until September 21, 2023, an extension of more than 45 days, to file the certificate of merit.

Debnam did not file a certificate of merit within that time period. Instead, Debnam filed another motion for extension of time. The trial court denied this motion for extension of time on October 25, 2023. At the time the trial court signed the order denying Debnam's requested extension, Debnam had still not filed a certificate of merit. On November 7, 2023, Debnam filed another motion for extension of time to file the required certificate of merit. The next day, November 8, 2023, Debnam filed an affidavit prepared by a professional engineer. The trial court signed an order on November 28, 2023, denying appellant's third motion for extension of time to file the certificate of merit and dismissing Debnam's suit

without prejudice.  This appeal followed.

ANALYSIS

Debnam asks numerous questions in her brief.  We construe these questions as raising two issues challenging the trial court's dismissal order.  First, she asserts that the trial court abused its discretion when it denied her motions for extension of time to file a certificate of merit and then dismissed her case against appellee even though she ultimately filed a certificate of merit prepared by a licensed professional engineer.  Second, she argues that the certificate of merit requirement violated her rights under the Texas and United States Constitutions.

## I.    Standard of review and applicable law

This is an appeal from the trial court's order granting Engineers' motion to dismiss filed pursuant to Chapter 150 of the Texas Civil Practice and Remedies Code.  A plaintiff suing for damages "arising out of the provision of professional services by a licensed or registered professional" must file a certificate of merit with the complaint.  Tex. Civ. Prac. & Rem. Code § 150.002(a).  This requirement does not apply to any case "in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, a claimant has alleged that an affidavit of a third-party . . . licensed professional engineer, . . . could not be prepared."  *Id.* at § 150.002(c).  A plaintiff's "failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant."  *Id.* at § 150.002(e).

We ordinarily review a trial court's order on a Chapter 150 motion to dismiss for an abuse of discretion.  *Jacobs Eng'g Grp., Inc. v. Elsey*, 502 S.W.3d 460, 463 (Tex. App.—Houston [14th Dist.] 2016, no pet.).  However, when, like here, the relevant facts are not disputed, the issue on appeal becomes the proper

3

construction of specific statutory provisions and application of those provisions to the undisputed facts of the case. This presents a question of law that we review de novo. *See LaLonde v. Gosnell*, 593 S.W.3d 212, 220 (Tex. 2019) ("Deference must be afforded to the trial court's disposition of disputed facts, but when there are none, as here, our review is entirely de novo.").

This appeal also requires us to review the trial court's interpretation and application of various statutes. Statutory interpretation presents a question of law subject to de novo review. *LJA Eng'g Inc. v. Santos*, 652 S.W.3d 916, 919 (Tex. App.—Houston [14th Dist.] 2022) (no pet.). Our primary objective in statutory construction is to give effect to the legislature's intent. *Id.* We first look to the statute's text to determine the legislature's intent. *Id.* When the statutory text is clear, it is determinative of the legislature's intent. *Id.* at 104. In that situation, we give the statute its plain meaning without resorting to rules of construction or extrinsic aids. *Id.* Only when a statute is susceptible to more than one reasonable interpretation does a court look beyond its language for assistance in determining legislative intent. *Id.* We view statutory terms in context, giving them full effect. *Id.* at 103. We presume that every word of a statute was used for a purpose, and every omitted word was purposefully not chosen. *Texas Law Shield LLP v. Crowley*, 513 S.W.3d 582, 588 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). In determining the plain meaning of a statute, we construe the language according to the rules of grammar and common usage. *Id.* "As a general principle, we eschew constructions of a statute that render any statutory language meaningless or superfluous." *City of Dallas v. TCI West End, Inc.*, 463 S.W.3d 53, 57 (Tex. 2015).

## II.     The trial court did not err when it dismissed Debnam's case.

Here, Debnam did not file a certificate of merit with her original petition.

4

Debnam also did not allege in her original petition that she was filing her petition within 10 days of the expiration of limitations on her causes of action; nor that she was unable to obtain an affidavit from a third-party licensed engineer because of that time constraint. Debnam was therefore not entitled to the automatic 30-day extension provided by the statute. *See* Tex. Civ. Prac. & Rem. Code § 150.002(c); *Tex. Southern Univ. v. Kirksey Architects, Inc.*, 577 S.W.3d 570, 576 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (holding that for a plaintiff to secure the additional thirty-day period to file a certificate of merit, she must satisfy the requirement that she allege that "the near-limitations filing prevented the preparation of a certificate of merit") (internal quotations omitted); *Pakal Enterprises LLC v. Lesak Enterprises LLC*, 369 S.W.3d 224, 229 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). In addition, because Debnam did not meet this initial pleading requirement, she was not entitled to any further extensions of time to file a certificate of merit. *See Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 390–91 (Tex. 2014) ("[W]e read the good cause exception of section 150.002(c) as flowing from compliance with the remainder of the subsection; it does not stand alone."); *Tex. Southern Univ.*, 577 S.W.3d at 577 ("Consequently, the trial court would have lacked discretion to grant any further extension in excess of thirty days for good cause under the last sentence of section 150.002(c) because that sentence applies only if the two conditions in the first sentence are met."). Therefore, we hold that the trial court did not err when it denied Debnam's request for additional time to file a certificate of merit and then dismissed her suit for failure to meet the statutory certificate of merit requirement. *See Tex. Southern Univ.*, 577 S.W.3d at 577 (holding trial court did not abuse its discretion when it dismissed university's claims for failure to file a certificate of merit). We overrule Debnam's first issue.

**III. The certificate of merit requirement does not violate the United States or Texas Constitutions.**

Next, Debnam contends that the certificate of merit requirement found in section 150.002 violates her due process and equal protection rights under the United States Constitution and the Due Course of Law provision in the Texas Constitution. U.S. Const. amend. XIV, § 1; Tex. Const. art. I, § 19. (BR unnumbered pages 13, 25) Debnam provides no analysis or authority in support of her constitutional argument. Instead, Debnam addresses only the alleged harm flowing from the trial court's dismissal order.

Our own research has revealed no cases directly addressing the question whether the certificate of merit requirement for lawsuits against licensed professional engineers violates the Due Process Clause of the United States Constitution or the Due Course of Law provision in the Texas Constitution. There is, however, voluminous caselaw concluding that similar statutes imposing an expert report or affidavit requirement on plaintiffs filing specified types of lawsuits violates neither provision. *See, e.g. Alpine Indus., Inc. v. Whitlock*, 554 S.W.3d 174, 182 (Tex. App.—Fort Worth 2018), *aff'd in part, rev'd in part on other grounds by Shinogle v. Whitlock*, 596 S.W.3d 772 (Tex. 2020) (in case involving expert report requirement in lawsuits against sport shooting ranges, observing expert report requirement does not violate either the Texas or United States Constitutions); *Simmons v. Outreach Health Cmty. Care Servs., L.P.*, 511 S.W.3d 163, 171 (Tex. App.—El Paso 2014, pet. denied) (recognizing existence of voluminous caselaw upholding constitutionality of medical expert report requirement); *Hebert v. Hopkins*, 395 S.W.3d 884, 900 (Tex. App.—Austin 2013, no pet.) (rejecting constitutional challenges to medical expert report statute); *Smalling v. Gardner*, 203 S.W.3d 354, 370 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding medical expert report requirement does not violate

6

either the Texas or United States Constitutions). We likewise conclude that the legislature's decision to impose a certificate of merit requirement as a prerequisite to continuing a lawsuit against a licensed professional engineer does not infringe Debnam's due process and equal protection rights under the United States Constitution or the Due Course of Law provision in the Texas Constitution. *See Smalling*, 203 S.W.3d at 370 (holding that dismissal of lawsuit for failure to comply with medical expert report requirement does not violate the Texas Constitution). We overrule this issue.

## CONCLUSION

Having overruled appellant Stacy Debnam's issues on appeal, we affirm the trial court's order dismissing her lawsuit against appellee Gay and Loudermilk Engineers, Inc.

/s/    Jerry Zimmerer
Justice

Panel consists of Justices Jewell, Zimmerer, and Hassan.